CHENAULT v. CHAPRON & NIEDELET.

SEPT. TERM,
1838.

Chenault
v.
Chapron & Niede-
let.

1. Our statutory 'petition in debt' is such a legal statement of the cause of action, as will authorize a creditor to sue out an attachment thereon.

2. A plea in abatement, filed in pursuance of the act of 1836, concerning attachments, puts in issue, not the belief of the creditor in the existence of the facts sworn to, but the existence of the facts themselves.

APPEAL from the circuit court of Morgan county.

*J. G. Miller,* counsel for appellant:

The appellant will insist upon the following points:
1. That the court improperly sustained the demurrer to defendant's plea in abatement—Stevenson & Hoard v. Robbins, 5 vol. Mo. Reports.    2. That the court erred in overruling the defendant's motion to dismiss the writ of attachment.

*Hayden,* counsel for appellee.

EDWARDS, Judge, delivered the opinion of the court.

Chapron & Niedelet sued Chenault by attachment in the Morgan circuit court.

The statement of the cause of action on which the attachment was founded, was in the form used in suits by petition in debt.    The affidavit filed in the cause states that the affiant "verily believes that the above named John Chenault is about to remove his property out of the State of Missouri, so as to hinder or delay his creditors." At the return term of the writ, the defendant appeared and filed a plea in the nature of a plea in abatement, alleging "that he, the said John Chenault, did not intend to remove his property out of the State of Missouri, so as to hinder or delay his creditors." To this plea the plaintiff demurred, and for cause of demurrer alleged "that said plea did not deny that said affiant did believe that said defendant was about to remove his property without the State of Missouri, so as to hinder or delay his creditors." The court sustained the plaintiffs' demurrer and ruled the defendant to answer over. The defendant then moved the court to dissolve the attachment, because there was no sufficient lawful statement of the cause of action on which to base the attachment. This motion was also overruled, and the defendant not having answered further, the court gave judgment for the plaintiff for his debt, damages and costs. The defendant

brings the cause here by appeal. The only two points insisted on by the appellant to reverse the judgment of the circuit court, are: 1. That the court improperly sustained the demurrer to the plea in abatement. 2. That the court erred in overruling the motion to dissolve the attachment. The last point made here will be examined first.

The counsel for the appellant insist that a creditor cannot sue out an attachment against his debtor on an ordinary petition in debt. The act for the recovery of debts by attachment, provides that "any creditor wishing to sue his debtor by attachment, may file in the clerk's office of any county in the State, a declaration or other lawful statement of his cause of action," upon which an original attachment may be sued out—R. C. '35, sec. 2. p. 76. The question here is, whether the statement used in suits by petition in debt, is such a "lawful statement of the plaintiff's cause of action" as the above section requires in proceedings by attachment. In using the phrase, "or other lawfuly statement of his of action," the legislature evidently intended that an attachment might issue on other statements than the ordinary declaration. What other statement then was intended? Except the ordinary declaration, there could probably be no statement of a cause of action, when the suit was on a bond or note, preferable to the form used in suits by petition in debt. But the appellant insists that when an attachment is sued out on such a statement, the provisions of the law regulating suits by petition in debt, will conflict with the law regulating proceedings by attachment. There seems, however, to be no reason for any conflict. Under the attachment law, "original writs of attachment shall be issued and returned in like time and manner as ordinary writs of summons, and when the defendant is summoned to answer to the action, the like proceedings shall be had between him and the plaintiff as in ordinary actions on contracts, and a general judgment may be rendered for or against the defendant"—R. C. '35, p. 76, sec. 5. What is meant here by the term "ordinary actions?" It seems to be used in contradistinction to the extraordinary remedy by attachment, and includes actions by petition in debt, as well as actions on declarations at common law. Both are ordinary actions in reference to our attachment law. "When the defendant is summoned to answer the action, the like proceedings shall be had between him and the plaintiff as in ordinary actions on contracts." If the attachment be sued

Our statutory 'petition in debt,' is such a legal statement of the cause of action, as will authorize a creditor to sue out an attachment thereon.

SEPT. TERM,
1838.

Chenault
v.
Chapron & Niede-
let.

out upon a declaration, and the defendant be served with process fifteen days before the return term, then he must appear and plead as in any other action founded on a declaration; that is, on or before the sixth day of the return term, if the term shall so long continue, and if not, then before the end of the term—R. C. '35, 458, sec. 8. In such cases the attachment proceeds according to the provisions of the act to regulate practice at law. If the attachment be sued out upon a petition in debt, and "the defendant shall have been personally served with process, then he must appear and plead as in an action by petition in debt;" that is, "he shall plead to the merits of the action on or before the second day of the term at which he is bound to appear, if the term shall so long continue, if not, then within such time in the term as the court shall direct"—R. C. 1835, 449, sec. 4. In such cases the attachment proceeds according to the provisions of the act to regulate proceedings by petition in debt. The provisions of the act to regulate practice at law, and the provisions of the act to regulate proceedings by petition in debt, are inconsistent with each other, but neither conflict with the provisions of the attachment law. In all cases where the defendant is summoned to appear, the attachment law requires the aid of one or the other of the above mentioned acts to carry out its provisions, and the provisions of either of these acts, however inconsistent with each other, work well and smoothly with the attachment law. The only inconsistency pointed out by the counsel for the appellant, seems to be founded on an incorrect reading of the law. The counsel states that " in suits by attachment, the defendant, if regularly summoned, must appear and answer the action at the return term of the writ, and within the first six days thereof"—see Digest, title Att. sec. 8. The section here referred to, instead of providing that if the defendant be "regularly summoned," provides that "when the defendant cannot be summoned, and his property or effects shall be attached, if he do not appear and answer the action at the return term of the writ, and within the first six days thereof, the court shall order a publication to be made, stating the nature and amount of the plaintiff's demand, and notifying the defendant that his property has been attached, and that unless he appear at the next term, and on or before the third day thereof, judgment will be rendered against him, and his property sold to satisfy the same"—R. C. 1835, 77, sec. 8. The proceedings required by this section, may be had as well un-

der an attachment founded on a petition in debt, as on a declaration at common law. And it is not by this section that the defendant, when regularly summoned, is required to appear and plead in six days, if the attachment be upon a declaration at common law, but, as before stated, he must plead under the act to regulate practice at law; or if the attachment be upon a petition, then he must plead under the act to regulate suits by petition in debt. The petition in debt then is such a lawful statement of a cause of action as will authorize a creditor to sue out an attachment thereon; and therefore the circuit court did not err in overruling the motion to dissolve the attachment.

The other point insisted on by the counsel for the appellant is, that the court erred in sustaining the demurrer to the plea in abatement. The counsel for the appellees insists that the plea was bad, because it did not put in issue "the truth of the affidavit." The plea states that the defendant did not intend to remove. It would have been better if it had stated that the defendant "was not about to remove," because it would have prevented all ground for quibbling about the force of words. If, however, the defendant did not intend to remove, he was certainly not "about to remove," or if he had been "about to remove," he must have intended to remove. The terms are about equivalent in force. The plea was not then bad on this ground. But the counsel for the appellees insists further that the plea is bad, because "it did not deny but that the affiant did believe what he stated in his affidavit."

The last section of the act of 1837, amendatory to the attachment law, provides that "in all cases when the property of any person may be attached under this act, or the act to which this is amendatory, he may file, by himself or attorney, a plea in the nature of a plea in abatement, putting in issue the truth of the affidavit upon which such attachment was sued out, and if the issue of fact be found for the plaintiff, the cause shall proceed as other causes in attachment; but if said issue be found for defendant, the suit shall be dismissed at the cost of the plaintiff"—Acts of 1837, p. 9. It is not then the truth of the belief of the affiant which is to be put in issue, but the truth of the affidavit. The affidavit in this case states, that the affiant "verily believes that the above named John Chenault is about to remove his property out of the State." Whether the affiant really believes this affidavit true or false, is a matter wholly immaterial,

A plea in abatement, filed in pursuance of the act of 1836, concerning attachments, puts in issue, not the belief of the creditor in the existence of the facts sworn to, but the existence of the facts themselves.

except so far as his own conscience is concerned. He may very honestly believe it true, and yet it may be wholly false. It is not then the truth of his belief as to the existence of the fact which is to be put in issue, but it is the existence of the fact itself; that is, whether the defendant was or was not about to remove his property out of the State. This point was decided in the case of Stevenson & Hoard v. Robbins, at the last or preceding term of this court. The belief of the affiant of the existence of one of the causes mentioned in the first section of that attachment law, will authorize the issuing of the attachment, but nothing more. On the trial of an issue as to the truth of the affidavit, the fact authorizing the attachment to issue must be found to exist, else the suit will be dismissed. It was not necessary then that the plea should put the affiant's belief in issue. The frequency of attachments in cases where credulous affiants merely believed the cause to exist, but where in fact none of the causes authorizing creditors to sue out attachments, did really exist, had grown into a great evil; and to remedy this, the legislature passed the last section of the act amendatory to the attachment law. In authorizing the plea in abatement, then, the legislature intended to strike, not at the shadow, but at the substance of the evil; not at the truth or falsehood of the affiant's belief, a thing that no evidence could touch, but at the truth or falsehood of the facts stated in the affidavit, a thing that was tangible, and the plea in abatement went sufficiently far in putting the fact of the affidavit in issue. The circuit court then erred in sustaining the demurrer. Its judgment ought, therefore, to be reversed, and Judge TOMPKINS concurring, it is reversed, and the cause remanded.

TOMPKINS, Judge.—I concur with Judge EDWARDS in this opinion.

McGIRK, Judge.—I concur in this opinion, except that part which asserts the goodness of the plea. I think the plea bad.