AUGUST FATHMAN, Respondent, v. THOMAS TUMILTY, Appellant.

**St. Louis Court of Appeals, February 19, 1889.**

1. **Practice, Appellate:** WEIGHT OF EVIDENCE. When there is any substantial evidence to sustain the verdict, the judgment will be upheld by the appellate court.

2. **Practice, Trial:** CORRECTION OF VERDICT. Where a jury inadvertently omitted to give the defendant a credit which he claimed, and about which there was no controversy, and, before the jury were discharged, the credit, as claimed, was included in the verdict by agreed action of the court and the jury, this was merely a correction of a formal defect or omission, and there was no error of which the defendant can complain.

3. In the closing remarks of the plaintiff's counsel, appeals to the supposed national prejudices of a majority of the jury are highly improper, and should be promptly checked and rebuked by the court. Of the same character are broad assertions of fact touching the issues, about which no testimony has been offered. Upon objection from the adverse party, if the court refuses to rebuke the attorney in such a way as to leave no doubt in the minds of the jurors of the impropriety of his conduct, the judgment should be reversed, especially when there is reason to believe that the verdict may have been influenced by the remarks so improperly made.

*Appeal from the St. Louis County Circuit Court.—*
HON. WILLIAM W. EDWARDS, Judge.

REVERSED AND REMANDED.

*D. C. Taylor* and *William F. Broadhead,* for the appellant.

The verdict is against the evidence and the weight of the evidence. The court committed error in writing out and substituting another verdict for the original verdict of the jury, and the jury improperly assented thereto. The original verdict was for the whole amount claimed, that is for forty-three months' service at fifteen dollars per month, in all six hundred and forty-five dollars ; totally disregarding all payments proven. The court, remarking that the verdict was informal, at the suggestion of plaintiff's attorney, wrote out an entirely new verdict, giving plaintiff one hundred and ninety-three dollars, thus not amending the verdict as to form, but utterly changing by many hundred dollars, the amount of damages awarded. It matters not that the change was favorable to the defendants, so far as the amount was concerned. He was, in this case entitled to have the verdict of a jury in the case. The substituted paper of the court and counsel could not take its place. The court erred in failing to rebuke and correct the improper statements made in argument by plaintiff's counsel, before the jury. The first statement, to the effect that plaintiff was a Dutchman and defendant an Irishman, and that it was nothing but an effort of an Irishman to beat a Dutchman out of an honest debt, was not merely a loose expression or flight of fancy, but an effort to prejudice, and well calculated to prejudice, this jury. But the second statement was even more improper, unwarranted and prejudicial. The attorney told the jury " you know good men like Fathman do not

work for ten dollars per month." He had no right to appeal to the personal knowledge of the jury as to what good men worked for by the month. Again, in that connection, he said, "I have been hiring men all my life, and know what the wages are. I never gave a man less than fifteen dollars per month." What could have been more pointed and forcible than this language to carry conviction? Yet these statements were not corrected, and the attorney received no rebuke from the court, although prompt objections were made. We submit that herein the court committed error sufficient to reverse the case. To show the rule in like cases, in this court, and in the supreme court, we cite the following : *Sidekum v. Railroad*, 93 Mo. 407 ; *Brown v. Railroad*, 66 Mo. 599 ; *State v. Barham*, 82 Mo. 67 ; *Klosterman v. Ins. Co.*, 6 Mo. App. 582; *Goldman v. Wolff*, 6 Mo. App. 490 ; *State v. Lee*, 66 Mo. 165 ; *Veitinger v. Winkler*, 8 Mo. App. 562 ; *State v. Zumbenson*, 7 Mo. App. 526 ; *State v. Stark*, 10 Mo. App. 591.

*A. M. McElhinney*, for the respondent.

The principal contention at the trial was as to the value of the services. The jury in their verdict as first brought in by them gave to the plaintiff the full amount of his claim, and the plaintiff's counsel suggested to the court, in the nature of a *remittitur*, to have the court modify the verdict so as to give to the defendant the full amount of his claim of payments, and the verdict so modified was then delivered in open court. We submit that there was no error. The case of *Henley v. Arbuckle*, 13 Mo. 210, attempted to be referred to by appellant's counsel in his brief, we contend is an authority justifying the court for its action in the case at bar. As to the speeches of plaintiff's counsel to the jury, it would be useless for him to deny, for, "No man

shall declare against a record." But it would perhaps be proper in his own vindication to say, that they would never have been found in the record but for the affidavits filed out of time.

BIGGS, J., delivered the opinion of the court.

This is an action on account to recover balance due plaintiff for wages. Plaintiff claimed in his petition, that he had worked forty-three months for defendant, and that the work so performed by him was reasonably worth fifteen dollars per month, which amounted in the aggregate to six hundred and forty-five dollars. The defendant at divers times had paid plaintiff $407.70. Defendant made a general denial. There was a trial by jury which resulted in a verdict of $193.85 for plaintiff.

The only issue of fact on the trial, was the reasonable value of plaintiff's work. Plaintiff's testimony tended to prove that his services were worth fifteen dollars per month, and defendant's evidence showed that ten dollars per month was fair compensation. That plaintiff did not work like an ordinary farm hand. That his work consisted chiefly of feeding and looking after defendant's stock. That he would go hunting when he wished, attend the St. Louis Fair, and was not required to work in bad weather. There was no dispute as to the time he worked and there was no real controversy as to the amount of the credits. Plaintiff said that his account showed that he had only received $407.70, but he might have received as much as $451.15, the amount defendant claimed to have paid.

The jury allowed plaintiff fifteen dollars per month for forty-three months, making six hundred and forty-five dollars, from which was deducted $451.15, amount of payments made and claimed by defendant. There was testimony to sustain this verdict and the objection made by the defendant's counsel, that the verdict is against the evidence and weight of evidence must be

disregarded.   When there is *any substantial evidence* to sustain the verdict, the judgment will be upheld by the appellate court.

The jury returned into court a verdict for six hundred and forty-five dollars, and had neglected to give defendant credit for the amount paid by him.   The court treated this as an informality and deducted from the amount so stated in the verdict, the sum of $451.15, the amount of payments claimed by defendant, leaving the amount of the verdict, as reformed by the court, one hundred and ninety-three dollars and eighty-five cents. this latter verdict was signed by the foreman and agreed to by the jury, without leaving the box for further consultation.

Counsel for defendant insist that the objection to the verdict was not formal, but the verdict was substantially defective in failing to find a material issue in the case.   The issue was material, but it was not a controverted issue.   For this reason, we think the defect or omission in the verdict was merely formal, and therefore *no error was committed by the court in correcting* it.   But even if the amount of the payments made by defendant had been a matter of contention at the trial, yet the court and jury deducted the amount which defendant claimed to have paid, and we cannot see how this in any way prejudiced the defendant.   If the jury had failed to give defendant credit for the full amount claimed by him, then this would have been reversible error.   R. S., sec. 3775.

Defendant also complains of statements made by plaintiff's counsel in the final argument to the jury.   In ordinary cases, appellate courts will not interfere with the discretion of trial courts in such a matter.   In Thompson on Trials, section 964 the author says : " That it is only in cases where the court has *refused* to exercise its powers, or when its discretion has been manifestly abused, by permitting prejudicial matters to be

rehearsed to the jury in argument, that appellate courts will interfere. In case of *Sidekum v. Railroad*, 93 Mo. 407, the court lays down the doctrine, that if improper arguments to the jury are made and persisted in by counsel. and objection made and exception saved, it may be good ground for new trial or for reversal.

In the case at bar, the matters complained of in the closing argument of plaintiff's counsel, were highly improper. Counsel said : "The plaintiff in this case is a 'Dutchman' and the defendant is a son of an 'Irishman,' and it is nothing but an attempt on the part of an 'Irishman' to beat a 'Dutchman' out of an honest debt." ' There was no testimony in the case as to the nationality of either party, and defendant's counsel objected and excepted to this statement, because it was calculated to excite the prejudice of the jury against defendant. Whether this statement had the effect claimed by defendant or not, we cannot positively say. While there is no testimony as to the nationality of the jurors, yet their names, as preserved in the record, are highly suggestive of "German lineage." The counsel continuing said: "It is absurd to think of the plaintiff working for less than fifteen dollars per month. You know that good men like Fathman do not work for ten dollars a month. *I have been hiring men all my life and know what the wages are. I never gave a man less than fifteen dollars per month.*" To this statement defendant's counsel objected and excepted.

If plaintiff's attorney thought that his own testimony was necessary to make out his client's case, he should have been sworn as a witness and submitted to a cross-examination. It was the duty of the court to rebuke the attorney for making such a statement, and in such a way as to leave no doubt in the minds of the jurors, as to the impropriety of his conduct. The plaintiff's attorney may be, and doubtless is, a man of

high standing among his fellow citizens, and such a statement by him, would, with the ordinary juror, have as much weight as if delivered from the witness stand. For this reason, it is the duty of lawyers, and especially lawyers of good standing to confine their arguments to the evidence in the case. *Gibson v. Zeibig*, 24 Mo. App. 65; *Holliday v. Jackson*, 21 Mo. App. 669, 670. It is with great reluctance that we reverse the judgment. Nor would we do it, did we not have reason to believe, that the amount of the verdict might have been the result of the statements made by plaintiff's counsel to the jury.

The other errors complained of by defendant will not likely arise on another trial, and it therefore becomes unnecessary to consider them. The judgment is reversed and case remanded. All concur.