CHARLES BRANDT, Respondent, v. GUSTAVUS SCHUCH-MANN, Appellant.

St. Louis Court of Appeals, December 18, 1894.

1. **Breach of Building Contract:** MEASURE OF DAMAGES. *Held,* in the course of discussion, that one who contracts to do work on a building and furnish the requisite materials therefor, but who is wrongfully prevented from performing his contract by the other contracting party, is entitled to recover as damages his profits, that is, the full measure of his probable gain if he had been permitted to complete the contract.

2. **Practice, Trial:** REMARKS OF COUNSEL IN ARGUMENT TO THE JURY. Such contract, after its execution had been thus prevented, was performed by a third person, who at the time of the trial resided in another state. In discussing the damages, the plaintiff's counsel, in an action therefor, commented on the failure of the defendant to obtain the testimony of this third person. *Held,* that the comment was not improper.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

AFFIRMED.

*Fisse & Allen* for appellant.

*Lubke & Muench* for respondent.

ROMBAUER, P. J.—This action is prosecuted to recover damages for breach of a building contract. The plaintiff is a bricklayer, and charges in his petition that the defendant employed him to lay one hundred and twenty thousand brick, and furnish the sand,

lime and scaffolding necessary for so doing, for a compensation of $1,200; that the defendant broke the contract, and did not permit plaintiff to execute it, although plaintiff was ready and willing to do so, whereby plaintiff was damaged in the sum of $600. The defendant answered by way of denial. Upon the trial of the cause before a jury the plaintiff recovered a verdict and judgment for $300. The defendant, who appeals, assigns for error that the plaintiff has failed to give substantial evidence of the profits he would have made if permitted to complete his contract, and hence that the instruction of the court touching plaintiff's measure of damages was not supported by substantial evidence, and erroneous. The defendant also complains that plaintiff's counsel was permitted to make improper remarks to the jury, and was not rebuked by the court for so doing, although defendant's counsel repeatedly objected to the tenor of such remarks and requested the court to check plaintiff's counsel. A complaint is also made that the damages awarded are excessive in any view of the evidence.

Complaint is made in the motion for new trial that the verdict is excessive, which objection was not considered by us in preparing the first opinion filed herein, but is now considered in connection with the complaint that the verdict is not supported [by substantial evidence.

The plaintiff himself testified, both in his direct and cross-examination, that he was a brick contractor for a period of almost twenty years; that he went over the items of work which, under his contract, he was required to do at a stated compensation, and that he would have made a profit of $300 on the job if permitted to complete it. This in itself was substantial evidence of what profit plaintiff would have made. The defendant contends that this general statement of

plaintiff was refuted by his more detailed statement on cross-examination as to the cost of laying various items of brick. Such, however, is not the case, since it does not appear whether, in speaking of the cost, the plaintiff meant the cost to the builder or the cost to the contractor, the difference between the two representing the contractor's profit. The profit, which is the full measure of the plaintiff's probable gain, if he had been permitted to complete the contract, constitutes the plaintiff's measure of damages in a case of this character. *Park v. Kitchen*, 1 Mo. App. 357; *Hammond v. Beeson*, 112 Mo. 190. As the finding of the jury in this case was for $300 and interest, we could not vacate it as one unsupported by the evidence, nor could we adjudge it to be excessive, because, while it is opposed by the testimony of a number of defendant's witnesses, it is not for us to determine the weight of the evidence.

It appeared in evidence that the work was done subsequently by one Baumann at a lower bid than plaintiff's. The defendant's counsel in his opening address to the jury intimated that Baumann had lost money on the job. It appeared in evidence that Baumann had subsequently left the city, and had gone to Colorado. The plaintiff's counsel in his closing argument to the jury commented on the fact that Baumann was not produced at the trial as a witness for the defendant, and incidentally alluded to the fact that "the arm of the court was strong enough to reach to Colorado," meaning that Baumann's deposition might have been taken there. The defendant's counsel objected to these remarks, and repeatedly asked the court to check counsel, whereupon the court told the counsel for the plaintiff to confine himself to the evidence.

The defendant's counsel now argues that it was

for the plaintiff to prove his probable profits, and not the defendant to disprove them, and hence any argument based upon the nonproduction of the testimony of the person who did the work was wholly extraneous to the merits, and ought to have been ruled out by the court. This argument loses sight of the fact that Baumann who actually laid the brick, and hence was unquestionably the best witness to prove the necessary cost to the contractor in doing the work, was a very material witness to disprove facts established by the plaintiff's evidence as to such cost, and since defendant took no steps to procure such evidence, although he could have done so, the plaintiff's counsel did not travel outside of the record by calling attention to the fact that such evidence was not produced. While we have gone as far as any court to keep counsel within legal bounds in commenting upon the evidence before a jury, and have vacated verdicts solely on the ground of unjustified appeals to the jury's prejudices by counsel (*Gibson v. Ziebig*, 24 Mo. App. 65; *Fathman v. Tunilty*, 34 Mo. App. 236), we have never interfered where the remarks made by counsel were in any pertinent to the issue, or could be properly construed to be within the privilege of counsel. All the judges concurring, the judgment is affirmed.