HENRY T. STEWART *et al.*, Respondents, v. BENJAMIN G. PATTON, Appellant.

St. Louis Court of Appeals, January 21, 1896.

1. **Practice, Appellate:** ABSTRACT: FILING BILL OF EXCEPTIONS. The general recital in the appellant's abstract, that the bill of exceptions was filed within the time required, will suffice when it is not controverted by counter abstract.

2. **Statute of Frauds:** ORIGINAL UNDERTAKING. The vendor of a stallion, in connection with the sale of it, guaranteed to the vendee that a stated number of mares would be bred to the animal. *Held,* that this was an original undertaking, and, therefore, not within the statute of frauds.

3. **Damages:** PROFITS. Probable profits form a legitimate element of damages, when their extent can be shown with reasonable certainty.

*Appeal from the Pike Circuit Court.*—HON. REUBEN F. ROY, Judge.

AFFIRMED.

*Sam Sparrow* and *Fagg, Ball & Hicks* for appellant.

*A. W. Stewart, Major & Motley* and *J. D. Hostetter* for respondents.

ROMBAUER, P. J.—This case comes here on a clerk's certificate under the second alternative provision of section 2253 of the Revised Statutes. The abstract of the record filed by the appellant recites that "the bill of exceptions was filed within the time required." The respondents contend that this is not a sufficient showing that a bill of exceptions was filed in the case in proper time, and hence we should disregard the bill of

exceptions. While we have repeatedly held that the abstract of the record must show that a bill of exceptions was filed in due time (*Mason v. Pennington*, 53 Mo. App. 118; *Wesby v. Bowers*, 58 Mo. App. 419), we have never held that a general allegation to that effect in the abstract is not sufficient. The abstract in this case does contain such general allegation, and, as it is not claimed that the statement is untrue, we can not disregard the bill of exceptions.

The action is one upon an oral guaranty claimed to have been made by defendant to the plaintiffs at a public sale of the defendant's stallion, Mirus. The petition states the guaranty to have been "that, if the purchaser of said horse would keep him in Calumet township, Pike county, Missouri, and make the season of 1894 with him at $15 to insure mare in foal, the defendant would guarantee fifty mares to be bred to the horse during the season at the price of $15 to insure mare in foal." The petition of the plaintiffs further alleges that the defendant then and there booked said mares, giving the names of their owners, and furnished the list to plaintiffs, and that they bought such stallion upon the faith of such guaranty. It further states that they stood the horse in Calumet township, Missouri, during the season of 1894, but that the defendant failed, neglected, and refused, to procure for breeding thirty-eight of the mares thus booked, whereby plaintiffs were damaged in the sum of $570, for which they ask judgment.

The answer is a general denial. On the trial the defendant objected to the introduction of any evidence in support of the petition, on the ground that it failed to state a cause of action. This objection was overruled, and the defendant excepted. The plaintiffs then gave evidence tending to substantiate the allegations of their petition. They also gave evidence tending to

show that the stallion Mirus was a good foal getter, and that fifty per cent of mares bred to a horse usually got to foal, and that the number of mares which could be bred to a horse during a season was between fifty and sixty. It also appeared by the evidence of the plaintiffs that only twelve of the fifty mares booked by defendant were bred to the stallion in 1894, although he stood during the entire season in Calumet township, and the plaintiffs repeatedly requested the defendant to procure the patronage which he had guaranteed. The jury found a verdict for plaintiffs in the sum of $189. The defendant filed a motion for new trial complaining of a number of errors, but not challenging the verdict on the ground that it is excessive. The defendant also filed a motion in arrest of judgment. These motions being overruled, the defendant appeals, and assigns numerous errors, but not that the verdict is excessive.

The defendant claims that the contract sued on is one to answer for the debt, default or miscarriage, of others, and within the statute of frauds, and that his demurrer to the evidence should have been sustained, because the plaintiffs gave no evidence to satisfy the statute. This claim rests upon a misconception of the plaintiff's petition, and the evidence adduced in its support. Both the petition and the evidence show that the defendant's promise was original and not collateral. The plaintiffs bought the horse on the faith of the defendant's promise, that he would guarantee fifty mares to be bred to the horse during the season of 1894. The owners of such mares made no promise *to the plaintiffs*, although the evidence tends to show that they did make a *promise to the defendant*, and that the defendant's guaranty was made upon the faith of this promise. Such a guaranty is an original undertaking and need not be in writing. *Barker v.*

*Scudder*, 56 Mo. 272; *Kansas City Sewer Pipe Company v. Smith*, 36 Mo. App. 608.

We have decided in *Connoble v. Clark*, 38 Mo. App. 476, that, if the court can not upon the facts in evidence lay down an intelligent rule to enable the jury to determine the quantum of damages, nominal damages only can be recovered. The defendant invokes that rule as applicable to the facts in the case at bar. This point is not well taken. It was in evidence here that the stallion lived through the season of 1894, stood during the entire season in Calumet township, what number of mares could have been bred to him, and what number of mares was actually bred. It was also in evidence what percentage of mares bred will foal, and that the horse was a sure foal getter. The instruction of the court specially charged the jury to take all these elements into consideration in estimating plaintiff's damages. Probable profits form a legitimate element of damages, where their extent can be shown with reasonable certainty. *Brandt v. Schuchmann*, 60 Mo. App. 70. It is only where damages are purely speculative that they can not be considered. *Manter v. Truesdale*, 57 Mo. App. 435. We conclude, therefore, that the court did not err in its instruction to the jury touching the measure of the damages of the plaintiffs. Judgment affirmed. All concur.