Mahner v. Linck.

---

ANNIE MAHNER, Respondent, v. EDWARD C. LINCK, Appellant.

St. Louis Court of Appeals, April 7, 1897.

1. **Attachment:** FRAUD: EVIDENCE: INSTRUCTION. Where it appeared the defendant in attachment was largely in debt for one of his means, and was needing money, the transfer of his deposits from one bank to another, without any explanation, was a circumstance tending to prove a concealment of his property, and, in connection with his other conduct at the time, sufficient to authorize the court in instructing the jury, that if he had fraudulently concealed, removed, or disposed of his property or effects, so as to hinder or delay his creditors, they should find for plaintiff.

2. ———: ABATEMENT: EVIDENCE: DEMURRER. But where there was no substantial evidence of the existence of the other alleged grounds of attachment, the truth of which was put in issue by a plea in abatement, instructions offered by defendant, in the nature of a demurrer to the evidence as to them, should have been given.

Mahner v. Linck.

3. ———: REMOVAL FROM STATE TO AVOID PROCESS, AND WITH INTENT TO CHANGE DOMICILE: EVIDENCE. In attachment upon the grounds, among others, that defendant had absconded from his usual place of abode in Missouri, so that the ordinary process of law could not be served upon him, and was about to remove out of the state with the intent to change his domicile, evidence of his previous arrangements to leave the state on a trip, the purposes of the trip, and what was done on the trip, were part of the *res gestae*, and competent to show what his intentions were in going away.

4. **Evidence:** ADMISSIBILITY OF WRITTEN COMMUNICATIONS BETWEEN HUSBAND AND WIFE. A letter from defendant to his wife, offered in evidence by plaintiff, was not competent, where it was not shown that plaintiff did not get possession of it through the agency or connivance of the wife.

5. **Improper Remarks by Counsel to the Jury.** Remarks by plaintiff's counsel in his argument to the jury, which were not pertinent to any issue in the cause, nor a comment on the testimony, were prejudicial to defendant, and should have been rebuked by the court.

*Appeal from the St. Louis City Circuit Court.*—HON. THOMAS A. RUSSELL, Judge.

REVERSED AND REMANDED.

*F.* and *Ed. L. Gottschalk* for appellant.

Temporary absence will not sustain an attachment if process can be served in time for the next term of court. *Temple v. Cochran*, 13 Mo. 116; *Kingsland v. Morsham*, 15 *Id.* 657; *Ellington v. Moore*, 17 *Id.* 424; *Adam's Adm'r v. Abernathy*, 37 *Id.* 196; *Charitan Co. v. Moberly*, 159 Mo. 238; *Iron Co. v. Graham*, 48 Mo. App. 638.

The sheriff's return is conclusive on the parties to the suit. *Hallowell v. Page*, 24 Mo. 590; *State ex rel. v. Finn*, 100 Mo. 429; *Horton v. R'y*, 26 Mo. App. 349; *Mfg. Co. v. Baker*, 35 *Id.* 217.

Defendant's wife is an incompetent witness. R. S. 1889, sec. 8922. Her declarations are likewise incompetent. *State v. Arnold*, 55 Mo. 89.

The withdrawal, by instruction, of evidence, may not cure the error of its admission. *Meyer v. Lewis*, 43 Mo. App. 417; *Mueller v. Meitz*, 56 *Id.* 36.

The intent with which an act is done being material, a party to the transaction may testify as to the intent with which he did the act. *State ex rel. v. Mason*, 24 Mo. App. 321.

Instructions, where there is no evidence to support them, is ground for reversal, although appellant asked instructions submitting the same issue. *State ex rel. v. Durant*, 53 Mo. App. 493.

Closing remarks of counsel, appealing to prejudice, if not rebuked, is reversible error. *Fathman v. Tumilty*, 34 Mo. App. 236.

*Stone & Slevin* for respondent.

The instructions will be taken as an entirety and read together. *McBeth v. Craddock*, 28 Mo. App. 380; *R. R. v. Vivian*, 33 *Id.* 583. And being thus read a judgment will not be reversed on account of the incompleteness of some particular one. *Harrington v. Sedalia*, 98 Mo. 589.

Improper admission of evidence is cured by an instruction which in express terms withdraws it from the consideration of the jury. *Griffith v. Hanks*, 91 Mo. 109; *Durant v. Mining Co.*, 97 *Id.* 62; *Wright v. Gillespie*, 43 Mo. App. 244; *O'Mellia v. R. R.*, 115 Mo. 205.

Communications between husband and wife are not privileged where one acts as the agent of the other. *Chelsey v. Chelsey*, 54 Mo. 347; *Darrier v. Darrier*, 58 *Id.* 222; *Teckenbrock v. McLaughlin*, 25 Mo. App. 524; *Lunay v. Vantyne*, 40 Vt. 501.

Nor are these communications, if in writing, privileged if they fall into the hands of third parties. *Lloyd*

v. *Pennie*, 50 Fed. Rep. 4; *State v. Ulrich*, 110 Mo. at 364; 1 Greenlf. Ev., sec. 254a; *State v. Hoyt*, 47 Conn. 518.

The secreting and concealing of money by an insolvent debtor, for the purpose of defending against anticipated legal proceedings, is a fraudulent concealment of property and effects within the meaning of the statute, and will justify attachment proceedings. *Mathews v. Loth*, 45 Mo. App. 455.

The fact that a debtor, who fraudulently disposes of a part of his property, is solvent, will not defeat an attachment. *Bank v. Western, etc., Co.*, 59 Mo. App. 317; *Taylor v. Myers*, 34 Mo. 81.

If more than one ground of attachment is alleged, proof of one will be sufficient to sustain the attachment. *Mfg. Co. v. Jenkins*, 47 Mo. App. 664.

Whether defendant did in fact abscond was a question of fact for the jury. *Bank v. Evans*, 34 S. W. Rep. 2.

BLAND, P. J.—On July 26, 1895, suit was commenced in the circuit court of the city of St. Louis by respondent against Edward C. Linck, and his wife, on a promissory note for $900. On the same day an attachment writ in aid of the suit was sued out against Edward Linck alone. The affidavit for attachment alleged the following grounds:

"*Third.* That the defendant, Edward C. Linck, conceals himself so that the ordinary process of law can not be served upon him.

"*Fourth.* That the defendant, Edward C. Linck, has absconded and absented himself from his usual place of abode in the state of Missouri, so that the ordinary process of law can not be served upon him.

"*Fifth.* That the defendant, Edward C. Linck, is about to remove his property and effects out of the

state of Missouri, with the intent to defraud, hinder, and delay his creditors.

"*Sixth.* That the defendant, Edward C. Linck, is about to remove out of the state of Missouri, with the intent to change his domicile.

"*Seventh.* That the defendant, Edward C. Linck, has fraudulently conveyed and assigned his property and effects so as to hinder and delay his creditors.

"*Eighth.* That the defendant, Edward C. Linck, has fraudulently concealed, removed, and disposed of his property and effects so as to hinder and delay his creditors.

"*Ninth.* That the defendant, Edward C. Linck, is about fraudulently to convey and assign his property and effects so as to hinder and delay his creditors.

"*Tenth.* That the defendant, Edward C. Linck, is about fraudulently to conceal, remove, and dispose of his property and effects so as to hinder and delay his creditors.

"Sworn to July 26, 1895.

"Writ of attachment and summons was issued July 26, 1895."

On the same day the writ of attachment was served by levy on a stock of wallpaper found in E. C. Linck's store in the city of St. Louis, and the writ of summons was served as to Mrs. E. C. Linck by delivering to her a copy of summons and petition, and as to E. C. Linck, by leaving a copy of summons at his usual place of abode in the city of St. Louis, with a member of his family over the age of fifteen years, as is shown by the sheriff's return. The goods levied upon were subsequently sold by order of the court, upon which the sheriff realized the sum of $1,272.16. A plea in abatement was filed to the attachment, trial had thereon, resulting in a verdict for the plaintiff, motion for a new

trial filed and overruled, judgment on the merits for plaintiff, and appeal by E. C. Linck to this court.

The evidence discloses substantially this state of facts: On July 24, 1895, Mrs. Mahner called on Linck at his place of business and demanded payment of her note. Linck put her off to the next day, when he promised to pay her or see what he could do. Early on the morning of the next day, without seeing Mrs. Mahner, or otherwise communicating with her, he departed for the state of Iowa, with a party of friends. Prof. Muegge, it appears, had a class in athletic sports, and that Linck was a member of that class. The professor with members of his class, including Linck, it appears, went to Iowa for recreation for the purpose of giving athletic exhibitions and to organize Turner societies there. Linck had for several years deposited his funds with the Northwestern Savings Bank, and on July 24, had $445 in that bank to his credit. On that day he drew out the whole of this deposit and deposited $400 of it in the Jefferson Bank, a bank with which he had not theretofore deposited. He assigns no reason for making the change of banks, but says he had contemplated making the change for sometime previous, for what reason he does not state. On the morning of the twenty-fifth, before he departed, he wrote his wife the following letter:

"St. Louis, July 25, '95.

"Mrs. Helen Linck:—I am going and you can see how to get my business affairs in working order, you never would try and save a few dollars and did not want to believe me that I was in such debts but you can now find out. You had also better have those I owe, put them off as long as possible as it will be all the better for you. I do not know how soon I will

<div style="margin-left:2em; font-size:smaller">Attachment: fraud: evidence: instruction.</div>

return as you can not keep your mouth shut as by your talking you have brought me to this, but for your own good you have to do the best you can, so good-bye to you and the children, kiss them for me.

"Yours truly,

"E. C. Linck.

"I am gone now so you can talk all you like, I don't think you can do me much harm as everything is gone. It is just as you wanted, you did not want it any other way, hoping you are satisfied now as you got what you wanted. Hoping there is nothing else you would drive me to. I hope you are glad in succeeding in busting me up as it must give you great pleasure and lots of enjoyment in what your great talking machine can do. I only hope the children will have less to say as talking too much is no good."

This letter was produced by the plaintiff and read in evidence, over the objections of the appellant's counsel. At the close of the case it was withdrawn from the consideration of the jury by instruction. We will discuss the admissibility of this letter later on. The evidence disclosed the fact that Linck was largely in debt for one of his means, and that he was needing money. His transfer of his deposits from the Northwestern to the Jefferson Bank, may have been for the purpose of concealing it from his creditors, at least it was a circumstance tending to prove a concealment of his property, and this in connection with his other conduct at the time warranted the court in giving instruction number 1 asked by the respondent, to the effect that if the defendant had fraudulently concealed, removed, or disposed of his property or effects so as to hinder of delay his creditors, they should find for the plaintiff. But there was not evidence in the case sufficient to warrant a submission of any of the other

Mahner v. Linck.

alleged grounds for attachment to the jury,
ABATEMENT: evi- and the appellant's instructions in the
dence: demurrer. nature of a demurrer to evidence as to
them should have been given. The truth of the alleged
grounds for attachment was put in issue by the plea
in abatement, and there should have been substantial
evidence of their existence to authorize their submission
to the jury. *Chenault v. Chapron*, 5 Mo. 438. The
appellant was not prejudiced by the statements of Mrs.
Linck and the young man at Linck's store to Mrs.
Mahner on July 26,—as Linck's testimony explained
fully when and where he went and for what purpose.
The evidence of Muegge, as to what Linck did on his
trip to Iowa, and his evidence of the
REMOVAL from objections and the purpose of the trip
state to avoid should have been admitted. The previous
process, etc.:
evidence. arrangements to go, the purposes of the
trip and what was done on the trip, were all parts of
the *res gestae* of that transaction, the going away, and
were competent as explanatory of Linck's purposes in
going away.

The letter of Linck to his wife, read in evidence,
and afterward withdrawn, does not, as claimed by re-
spondent, afford proof that Linck thereby
ADMISSIBILITY appointed Mrs. Linck his agent to manage
of written com-
munications his business in his absence. He had given
between hus-
band and wife. his brother express written authority
to control his business in his absence. Besides it
takes stronger evidence to establish an agency as be-
tween husband and wife, than between other persons.
*Eustra v. Capelle*, 61 Mo. 678. The letter falls far
short of satisfactory and cogent proof of an intention
on the part of Linck to make his wife his agent. It is
universally held that oral communications between
husband and wife when heard by a third person may
be given in evidence, regardless of the circumstances

under which the conversation was heard. Bishop on Crim. Pro., sec. 1155; Greenleaf on Evidence, sec. 254a. *State v. Center*, 35 Vt. 378; *Commonwealth v. Griffin*, 110 Mass. 181. It has been held in some of the cases that the fact that the communication was written places it on no higher ground than if oral. *Lloyd v. Pennie*, 50 Fed. Rep. 4; *State v. Bliss*, 36 Cal. 508; *State v. Buffington*, 20 Kan. 599. It seems to us that these cases lose sight of the policy of the law making communications between husband and wife privileged, to wit, to secure the peace of the twain and to protect and keep inviolate that mutual confidence so essential to their happiness, and we are disposed to adopt the reasoning and ruling of Judge MILLER of the United States supreme court in the case of *Bowman v. Patrick*, 32 Fed. Rep. 368, where he refused to admit letters of the husband to the wife to be read in evidence, which had come into the possession of the administrator of the wife's estate. We think the policy of the law will be best subserved, by refusing to admit written communications of this character, whenever they have come to the possession of a third party by the agency of the husband or the wife, or where such third party has gained possession of them by reason of his representative character, his agency or other fiduciary relation to the husband or wife. The letter in this case should not be admitted, unless it is first shown, that the plaintiff did not get possession of it through the agency or connivance of the wife.

Counsel for respondent in his argument to the jury, remarked: "I ask of the jury a verdict for the plaintiff, as otherwise the poor woman will lose all, since the property is now all gone."

IMPROPER remarks by counsel to jury.

These remarks were objected to by counsel for appellant. The answer of the court to the objection was to say to counsel for respondent "pro-

ceed," thus in effect approving of the remark and inviting counsel for respondent to continue along the same line. The remarks were not germane to any issue in the cause, not a comment upon any testimony in the case, tended to prejudice the jury, and should have been rebuked by the court instead of being approved, as the jury must have understood by the remark of the court to the counsel to proceed. *Fathman v. Tumilty*, 34 Mo. App. 236.

Judgment on plea in abatement reversed and cause remanded. All concur.