IVEY OIL, INC., Plaintiff-Appellant,

v.

Dee MYERS and Wilma Myers d/b/a Myers Derby Station, Defendants-Respondents.

No. 8123.

Springfield Court of Appeals. Missouri.

Oct. 10, 1962.

**362**

Fred Foster, Jr., Camdenton, J. W. Grossenheider, Lebanon, for appellant.

Hugh Phillips, Camdenton, for respondent.

McDOWELL, Judge.

This appeal is from a judgment of the trial court of Camden County, Missouri, entered January 10, 1962, dissolving the attachment and awarding $100.00 to respondents on their counterclaim for electric current paid by them for the benefit of George Ivey d/b/a Ivey Oil, Inc.

The action was brought by appellant, a gasoline and oil distributor, against respondents, former service station lessees. The petition included an action on account for balance due on materials and merchandise purchased by respondents from George Ivey; on a note for opening inventory; replevin on chattel mortgage on motor vehicle given to secure the note and for two months rental on service station. Respondents set forth various items in their counterclaim for monies alleged to be due them by the appellant.

Appellant filed an affidavit in attachment January 26, 1961, the date of filing of the suit, and service was had thereon in Camden County. On January 10, 1962, the court rendered judgment in favor of appellant on the petition for a total sum of $5,001.26 and for respondents on their counterclaims in the sum of $2,150.46, leaving a net judgment due appellant of $2,-850.80, and dissolved the attachment. Respondents filed no notice of appeal. Appellant appealed only from that portion of the judgment finding the issues on the attachment in favor of respondents and in finding the issues on paragraph numbered 6 of respondents' counterclaim to count I awarding them $100.00 thereon.

Appellant presented evidence on two grounds alleged to support its attachment: That the respondents had fraudulently concealed, removed or disposed of their property and effects so as to hinder or delay their

creditors and that the debtors had failed to pay the price or value of any article or thing delivered, which, by contract, they were bound to pay upon delivery.

With respect to the first ground of attachment, the evidence shows that the business dealings between appellant and respondents covered a period of two years. During this period, on more than one occasion, respondents made payments, by checks, on open account owed Ivey and the checks were returned for want of sufficient funds. The evidence is that Myers and his wife maintained a personal account and an account in the name of Myers Derby Station in the First National Bank of Camdenton. In the early part of October, 1960, defendant, Dee Myers, gave Ivey a check in the sum of $553.25, drawn on the Myers Derby Station account to apply as payment on their delinquent account. October 13, 1960, respondents were given credit on their account on the books of appellant for this amount. October 28th the check was returned marked "insufficient funds". Ivey, later, consulted respondent, Dee Myers, in regard to the non-payment of this check and Myers gave him another check dated December 5, 1960, drawn on the same account, in the same bank, to replace the first check that had been returned. Respondents, on November 1, 1960, withdrew all the money deposited in the Myers Derby Station account in the First National Bank and deposited $450.00 of this amount in a new personal account of Wilma Myers in the Camden County Bank of Camdenton and the balance of the money so withdrawn from said account in Dee Myers' name. The account in the Camden County Bank was an active one; 23 checks had been issued to local people in a three months' period and there never had been any instructions to the Camden County Bank to conceal the account. The two banks were about a block apart in the city of Camdenton.

After the second check was returned for insufficient funds George Ivey, in behalf of appellant, went to Myers Derby Station to see Dee Myers about the situation and found the station bare and the merchandise removed.

With respect to the latter ground George Ivey testified that he had contracted with respondents to deliver to them gasoline and fuel oil and that the fuel oil was to be paid for when delivered but was not paid for when so delivered.

The court found, and the evidence supports such findings, that the goods and merchandise sold to respondents were sold on open account and that the parties did not act under a contract that the goods and merchandise were to be paid for when delivered.

With respect to the judgment of the court allowing $100.00 to pay a part of the electrical bill for current used by respondents' underground tanks by said Ivey, the facts show that Dee Myers contacted Ivey about the increased cost of the electrical bill caused by Ivey's use of said pumps; that Ivey agreed to pay a part of such bills and Myers asked him if half of the amount of the bills would be reasonable and Ivey said he thought so. The testimony is that one-half of the bills was $251.45.

In the Memorandum judgment of the trial court he stated:

"On the issue concerning the attachment issued in this case the plaintiff offered evidence on two statutory grounds only, to-wit: That defendants had fraudulently concealed, removed or disposed of their property and effects so as to hinder and delay the plaintiff as a creditor, and that the defendants failed to pay the price or value of materials delivered which by contract they were bound to pay upon delivery. As to the first ground, the plaintiff proved that defendant Dee Myers withdrew the bank account of the Myers Derby Station from the First National Bank of Camdenton, Missouri and deposited the amount of the withdrawal in the account of his wife and co-defendant in the Camden County Bank of Camdenton, Missouri. In my opin-

ion there was no evidence of an intention to conceal the transaction and there was no evidence from which the Court might infer a fraudulent intent on the part of the defendants.

"Regarding the second ground for attachment, it is my opinion that since credit was extended to defendants and a running credit account was kept for a long period of time whereby the defendants were not required to pay according to any definite schedule the plaintiff's proof is not sufficient to sustain this ground for attachment. Wherefore, the attachment is dissolved. * * *"

■ It is the duty of this court in passing upon cases tried by the court to review the facts upon appeal as in suits of an equitable nature. It is our responsibility to make our own determination of facts and where our examination of the evidence impels a conclusion that the lower court's findings are clearly wrong we will not hesitate to make findings contrary to them. Cleary v. Cleary, Mo., 273 S.W.2d 340, Section 510.310 RSMo 1959, V.A.M.S. This section, in part, reads:

"* * * The judgment shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."

The first alleged error assigned by appellant is that the trial court erred in finding the issues on the attachment for the respondents and in dissolving the attachment because, under the admission of respondent, Dee Myers, he had fraudulently concealed and/or removed his property and effects so as to hinder and delay the appellant herein; and under the undisputed evidence of the appellant the respondents have failed to pay for the value of the fuel oil delivered to them when they had contracted to do so.

Appellant relies on Section 521.010[8], [13] RSMo 1959, V.A.M.S., and Mahner

v. Linck, 70 Mo.App. 380 to support its contention under this alleged error.

Paragraph [8] of this section reads: "Where the defendant has fraudulently concealed, removed or disposed of his property or effects, so as to hinder or delay his creditors;"

Paragraph [13] reads: "Where the debtor has failed to pay the price or value of any article or thing delivered, which by contract, he was bound to pay upon the delivery;"

Mahner v. Linck, supra, involved a suit on a promissory note supported by attachment sued out against Linck. The eighth ground of attachment was that Linck had fraudulently concealed, removed and disposed of his property and effects so as to hinder and delay his creditors. The defendant filed a plea in abatement to the attachment and trial was had before a jury. The evidence substantially disclosed that on July 24, 1895, Mrs. Mahner called on Linck at his place of business and demanded payment of her note. Linck put her off until the next day by a promise to pay her. On the morning of the next day, without seeing her, defendant departed for the State of Iowa with friends for purposes of recreation. Linck had for several years deposited his funds with the Northwestern Savings Bank and, on July 24th, had an account of $445.00. On that day he withdrew the deposit and deposited $400.00 of it in the Jefferson Bank where he had not before made any deposits. He testified that he had contemplated making the change for some time previously but did not state the reason. The day before he departed for Iowa he wrote his wife a letter. In it he stated that he was leaving and she could see how she would get along with his business affairs; that she had better have claims of other creditors put off as long as possible; that it would be better for her and he stated: "I do not know how soon I can return as you can not keep your mouth shut as by your talking you have brought me to this, but for your own

good you have to do the best you can, so good-bye to you and the children, kiss them for me." He also stated he was gone now and she could do all the talking she wanted to. This letter was offered in evidence. The court stated that the transfer of the deposits from the Northwestern to the Jefferson Bank may have been for the purpose of concealing it from his creditors, at least it was a circumstance tending to prove a concealment of his property and this in connection with his other conduct warranted the court in giving an instruction to the jury to the effect that defendant had fraudulently concealed, removed or disposed of his property or effects so as to hinder or delay his creditors.

 the instant case the facts are so different from the facts in the Mahner case that the authority does not justify appellant's contention. It is elementary law that each case must be decided upon its particular facts. We think the trial court was justified in finding that there was no fraudulent conduct on the part of respondents in moving their bank account and, certainly, there was no evidence sufficient to sustain the first ground of attachment because respondents moved from the leased property.

There was evidence that George Ivey and respondents had long been friends and were well acquainted; that their business relations covered a period of two years; that Ivey had been selling gasoline and oil to operate the leased station during the entire business of the parties on open account and had never required payment when the goods were delivered. During this business relation respondents had given other checks as payment on account which were returned for insufficient funds. The evidence is that in the early part of October, respondent Dee Meyers gave a check to George Ivey, drawn on the Myers Derby Station account in the First National Bank for $553.25. Ivey's records reveal that on October 13th he gave credit for the amount of this check on their account. On October

28th, the bank returned this check marked "insufficient funds". The evidence is that nothing was done about the return of this check until December 5th, 1960, when George Ivey went to respondents' place of business to see about the dishonored check and Myers gave to him another check on the same account, in the same bank for the same amount. At the time of the giving of this check the bank account in the name of Myers Derby Station had been moved to the Camden County Bank. This removal took place November 1st and the money was deposited principally in Mrs. Myers' personal account and the balance in Dee Myers' account. The evidence is that there was insufficient funds in the Myers Derby Station account to pay the $553.25 check at the time the account was removed and at the time the first check was given; that on November 18, 1960, respondents purchased merchandise in the value of $5.00 from Ivey, November 17, 1960, merchandise of $1840.23 was sold by Ivey to respondents, December 5, 1960, $1,076.64 of merchandise was sold to respondents and on December 26, 1960, $219.34. The evidence also shows that respondents continued to make payments which were accepted and applied on their open account.

 We find the great weight of the evidence in this case supports the finding of the trial court that appellant failed to prove that Dee Myers withdrew the bank account of the Myers Derby Station from the First National Bank and deposited same in the Camden County Bank with the intention to conceal the transaction. Fraud must be proved, it can never be presumed. Ellis v. Farmer, Mo., 287 S.W.2d 840, 851[10]. The facts warranted the court in finding there was no fraudulent intent on the part of respondents.

 Regarding the second ground of attachment appellant wholly failed to prove that the parties dealt with each other under a written contract which required the merchandise to be paid for upon delivery.

The judgment of the trial court on the second ground of attachment is sustained.

■ The only serious question presented on this appeal is the action of the trial court in modifying its judgment allowing respondents $100.00 on their counterclaim for the payment of George Ivey's part of the electrical bill incurred for the use of current for the benefit of Ivey. We think the testimony does show that there was an agreement between the parties that Ivey would pay one-half of the bills and there was testimony that from the date of this agreement these bills amounted to $251.45. We find there was ample evidence to support the finding of the trial court of an express agreement on the part of Ivey to pay one-half of the electrical bills. However, if there was any error on the part of the court it was against respondents and such error would not be reversible error.

Judgment of the trial court affirmed.

RUARK, P. J., and STONE, J., concur.