WILLIAM L. HUGHES *et al.*, Appellants, *v.* JOHN G. HOOD *et al.*, Respondents.

1. *Lessor and lessee — Covenant to deliver possession, action on — Rule as to damages.* — In an action of damages for withholding possession of leasehold property, where plaintiff had been a non-resident and had removed to this State for the purpose of occupying the premises, he would not be entitled to recover, on the covenant to deliver possession contained in the lease, the amount of his expenses incurred in the removal. He might protect himself against such damages by requiring that a provision to that effect be inserted in the contract. If he fails to do this he can only recover losses which naturally result from its violation.

In such a suit the true rule of damages would be the difference in the rent as provided for in the lease and the rental value of the premises. And the rental value would be not what the premises might be worth to the plaintiff, but what they would rent for in the neighborhood.

2. *Leases — Suit by lessee against lessor — Covenant to deliver possession — Unlawful detainer — Former recovery — Plea in bar.* — A lessee who is prevented from occupying the leasehold premises by a wrong-doer is not compelled to proceed against him, but may have his action directly against the lessor on his covenant to deliver possession. But where he chooses to sue the wrong-doer for unlawful detainer, and recovers judgment against him for possession and damages for the detention, he cannot afterwards resort to his remedy against the landlord; and in case of such an action the latter may plead the former recovery by the lessee, in bar of the suit.

*Appeal from Johnson Court of Common Pleas.*

*Phillips & Vest*, for appellants, cited in argument Mack v. Patchen, 42 N. Y. 167; Sedgw. Dam. 194 and notes, 201 ; Trull .v. Granger *et al.*, 4 Seld. 115 ; Kelly v. The Dutch Church of Schenectady, 2 Hill, 116 ; Fisher v. Goebel, 40 Mo. 475 ; Schlemmer v. North, 32 Mo. 206 ; Kinney v. Watts, 14 Wend. 38.

*Elliott & Blodgett*, for respondents, cited Sedgw. Dam. 86 ; Driggs v. Dwight, 17 Wend. 71 ; Lawrence v. Wardwell, 6 Barb. 423 ; Ward v. Smith, 11 Price, 19 ; Johnson v. Arnold, 2 Cush. 46.

ADAMS, Judge, delivered the opinion of the court.

On the 12th day of February, 1869, the defendants leased to the plaintiffs a farm owned by them in Johnson county for one year, the lease to commence the 1st of March, 1869, at which

time, by the terms of the lease, possession of the farm was to be given to the plaintiffs. When the time arrived to take possession the plaintiffs found a former tenant of the landlord holding over, who refused to surrender the possession, and it was agreed between the plaintiffs and defendants that the plaintiffs should bring a suit for the possession against the tenant holding over, the defendants to pay the attorney's fees. So the plaintiffs did bring an action for unlawful detainer against the party in possession, and recovered the possession and damages for the detention of the premises, etc.

The plaintiffs afterwards, notwithstanding this recovery, brought this suit on the covenant in the lease to deliver them the possession on the 1st of March, 1869. To this action the defendants set up the former suit and recovery as a defense in their answer. But the court, on motion, struck out this defense, and to this ruling of the court the defendants excepted. This defense being struck out, left nothing to try except the proper measure of damages. At the time the lease was executed the plaintiffs were non-residents of the State, residing in Indiana, and purchased farming utensils and removed their families with these utensils from their former residence to Johnson county, to enter into the possession of the leased premises, when they found it as above stated, in the possession of a former tenant. Although there is no covenant in the lease to indemnify them for the expenses of removal in case possession was not given according to the terms of the lease, yet they claimed such expenses by way of damages on the covenant to give possession, and also damages for loss on their farming utensils; and the court maintained that they must be allowed such expenses, etc., as part of the damages, and in addition thereto that the plaintiffs were entitled to recover whatever amount the premises might be *worth to them* over and above the rental value as fixed by the lease.

1. In my judgment these rulings of the court were erroneous. A party can recover only such damages as naturally result from a breach of the covenant sued on. He cannot recover remote or speculative damages not provided for by the contract. He can protect himself against such damages by requiring a provision to

that effect to be inserted in the contract. If he fails to do this he can only recover what naturally results from a violation of the contract. What connection with this covenant has the plaintiffs' place of residence? It so happens that they resided in Indiana. and had to remove to Missouri. This did not result from the terms of the contract. It made no kind of difference where they resided, or how much it cost to remove their families to Missouri. If they had resided in Europe or Asia, or some other remote country, it might have cost them ten times as much to remove here as it did from Indiana. Such considerations are in nowise connected with the contract, and are too remote to be taken by the court or jury as a part of the measure of damages in a case like this.

I know that the courts have differed in regard to this subject of remote damages. Some of them have allowed such damages, while others have rejected them. We think the better rule is to exclude such damages from the consideration of the jury where they are not provided for by the terms of the contract.

The true rule of damages in this case was the difference between the rent as provided for in the lease and the rental value of the premises. (See Trull v. Granger and Dillaye, 4 Seld. 115.) If the rental value was more than the rent reserved, the plaintiffs would be entitled to recover such difference. The rental value is not what it might be worth to the plaintiffs, but what the premises would rent for in that neighborhood. They might be worth very little to the plaintiffs, or, owing to some fortuitous circumstances, they might value them higher than they were really worth.

2. I think the court also erred in ruling out the defense of former recovery and satisfaction set up in the answer. Although the lease was to commence *in futuro*, yet when such time arrived it operated as a present interest, and the lessees had the right to commence an action to recover the possession. They had two remedies : one on the covenant to give possession, and the other as legal owners for the term, by action to recover such possession.

In the case of Gardner v. Keteltas, 3 Hill, 332, it was held that where the premises were in possession of a wrong-doer the lessees had no remedy upon the covenants in the lease, but must resort to their action of ejectment or other action for the posses-

sion. But in Coe v. Clay, 5 Bingham, 440, the court declared that "he who lets, agrees to give possession, and not merely the chance of a law-suit;" and the lessees were entitled to recover on the breach of the covenant to give possession. I think this is the correct doctrine. It was followed in the case of Trull v. Granger, 4 Seld., N. Y., 115. The lessees were not compelled to re sort to ejectment or other action for the possession; but as they selected this remedy and recovered possession and the rents and profits, they are thereby barred from maintaining this action. They recovered in the first suit not only the damages they seek to recover in this case, but the whole value of the rents and profits. The question might arise whether they could not be required to pay to the defendants the rents reserved by the lease during the time for which damages by way of rents and profits were allowed to them in the former action. But that question is not before us, and we express no opinion upon it.

Judgment reversed and cause remanded. The other judges concur.