CORNELIUS M. HUIEST *et al.*, Respondents, v. FRED MARX, Appellant.

St. Louis Court of Appeals, November 17, 1896.

1. **Trespass:** LIABILITY OF LESSOR OR LICENSOR. Walls of a building were let by the defendant to the plaintiffs for advertising purposes for a definite term, during which advertisements placed by the plaintiffs upon them in accordance with the letting were effaced by some unknown person. *Held*, that the defendant was not liable for the trespass.

2. ——: ——: DAMAGES. *Held*, that, in case of the breach of such contract by the defendant, the jury, in assessing the damages, should consider, not the value of the term to the plaintiffs, but its market value. And *held*, further, that the damages assessed in this case were excessive.

3. **Landlord and Tenant:** EVICTION: EVIDENCE OF DAMAGES. When sued by the lessee for an eviction, the lessor is entitled to show the rental value of the demised premises.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

REVERSED AND REMANDED.

*Geo. W. Lubke, Jr.,* for appellant.

(1) The court erred in refusing to allow appellant's witness to state the rental value of the walls in question. *Hughes v. Hood*, 50 Mo. 350. (2) The court erred in the instruction given of its own motion. This instruction declares the measure of damage to be the difference between the net value of the use of the walls to respondents—or, in other words, the profits they might have made by painting signs thereon, had they had them to paint—and the rent agreed to be paid for the unexpired portion of the term. The rule of damage, in a case of breach of covenant for quiet enjoyment, is the difference between the agreed rent and the rental value of the premises for the term. *Hughes v. Hood*, 50 Mo. 350; *Riley v. Hall*, 158 Mass. 240; *Mack v. Patchin*, 42 N. Y. 167; *Dodds v. Hakes*, 114 N. Y. 260; *Rhodes v. Baird*, 16 Ohio St. 573; *Loyd v. Capps*, 29 S. W. Rep. (Tex.) 505; 3 Sutherland on Damages, 149. (3) The court erred in refusing to sustain appellant's motion for a new trial, because the finding of the court was not supported by the evidence, was against the law and the evidence, and was excessive.

*Chas. F. Joy* and *B. D. Kribber* for respondents.

The contract in evidence gave the respondents an irrevocable license, with an interest in the premises mentioned in the nature of a right of way in gross. *Willoughby v. Lawrence,* 116 Ill. 11. In an action founded on a contract, the damages to be recovered are such as the law supposes the parties to it would have apprehended as following from its violation, if, at the time they made it, they had bestowed proper attention upon the subject and had full knowledge of all the facts; in other words, such damages as may reasonably be supposed to have been in the contemplation of the parties at the time the contract was entered into. 1 Suth. on Damages [2 Ed. 1893], 92. The damages sued for must necessarily have been in the contemplation of the parties when the contract was made. Even if this had been a suit for breach of quiet possession under a lease, the damages claimed were proper in this case. 3 Suth. on Damages [2 Ed. 1893], 1973, 1988.

ROMBAUER, P. J.—The defendant, being the owner of the premises herein described, executed and delivered to the plaintiffs the following instrument:

"$10.00     ST. LOUIS, February 10, 1892.

"In consideration of $10 per year in advance, I do hereby lease north and south walls of building No. 1802 and 1804 N. B'way Street to the Huiest & Stout Co. for advertising purposes for five years.

     (Signed)     "FRED MARX."

The plaintiffs, who make it a business to paint advertisements upon the outside walls of houses for hire, took possession, under the instrument, of the north and south walls of building numbers 1802 and 1804

on North Broadway in the city of St. Louis (being the building referred to), and painted thereon three advertisements at an aggregate cost of $83.50. The evidence shows that they were to receive for these advertisements from the advertisers between $90 and $100 per annum, and that it would cost between $40 and $50 per annum to keep the advertisements in good condition, but it fails to show that plaintiffs had any contracts with the advertisers for any definite period of time. After the expiration of thirteen months from the inception of the lease, some person to the plaintiffs unknown effaced the advertisements thus painted on the walls. The plaintiffs remonstrated with the defendant, who thereupon told them that he had sold the premises.

Upon this evidence adduced by the plaintiffs the court made the following declaration of law:

"The court declares the law to be that, if the plaintiffs are entitled to recover anything, the court sitting as a jury should assess their damages at such sum as the court may find from the evidence to be the difference between the consideration, which under the contract plaintiffs would have been liable to pay for the unexpired term of the license granted to them by defendant, and the reasonable net value of said license to the plaintiffs for said unexpired term."

The court thereupon found for plaintiffs in the sum of $155.70. The defendant appeals and assigns for error that the evidence furnishes no basis for any recovery; that the court excluded proper evidence which he offered; that the declaration of law made by the court was erroneous; and that the damages awarded are excessive.

We conclude that the defendant's complaints are just. The evidence adduced furnished no basis for any recovery, because it wholly fails to show that the plaintiffs were evicted either by the defendant himself, or

by any party claiming under him, or having a para-
mount title to the premises. Whether the instrument
in question is a lease or an executed license, in neither
event does it make the defendant liable for the act of a
mere trespasser upon plaintiff's rights. 1 Taylor on
Landlord and Tenant, sec. 305.

The defendant offered evidence tending to show
the rental value of the premises. This evidence the
court, upon plaintiffs' objection, excluded. This rul-
ing was error. Even under the more liberal modern
doctrine announced by BLACKBURN, J., in *Lock v. Furze*,
L. R. 1 C. P. 441, the true measure of the evicted ten-
ant's damages can not exceed the amount which he
lost by the landlord's breach of his contract. One of
the elements of such loss is the difference between the
rent reserved and the rental value of the premises, and
the defendant was entitled to show that the rent re-
served, part of which had been paid in advance, was
all that the premises were worth.

The declaration of law made by the court is mis-
leading and indefinite. It is not the value of the term
*to plaintiffs*, but its market value, that must be consid-
ered. If the plaintiffs had incurred expenses in the
painting of the advertisements, they were, as is inferable
from the evidence, reimbursed by the advertisers who
had paid for the advertisements. In no event can the
plaintiff's recover more than they lost. It does not
appear from the evidence that they lost the advertise-
ment they had; on the contrary it affirmatively appears
that they rented other walls for the purpose of con-
tinuing these advertisements, and that they did con-
tinue them. It nowhere appears that they paid for the
rental of such other walls more than the rent reserved
for the walls in question, nor does it appear that they
lost the custom of their advertising patrons. Hence,

in any view of the case, the damages awarded by the court are excessive.

The judgment is reversed and the cause remanded. All concur.