HORACE SHOEMAKER, Appellant, v. HENRY CRAW-
FORD, Respondent.

**Kansas City Court of Appeals, February 5, 1900.**

1. **Landlord and Tenant: POSSESSION OF LEASED PREMISES;
MEASURE OF DAMAGES: CROPPER.** Where the lessor fails to
give possession of the leased premises, the measure of damages is
the difference between the actual rental value and the rent reserved
But this rule has no application to a breach of a contract between
a cropper and a landowner.

2. **Contract: EVIDENCE: JURY QUESTION.** On the evidence intro-
duced in the record it was for the jury to say whether there was a
contract between the parties and whether there was no compliance
therewith by the defendant.

3. ———: **CROPPER: BREACH: MEASURE OF DAMAGES.** The
measure of damages for a breach of contract to furnish a cropper so
much land to be cultivated on the shares is such injury as follows
in the natural course of things and is reasonably supposed to have
been in the contemplation of the parties as the probable result of
the breach.

4. ———: ———: **EVIDENCE: DAMAGES.** The damages for the
breach of an agreement to furnish land to be cultivated on the
shares should be ascertained by proving the value of the right to
so cultivate the land; and the opinions of experienced farmers is
competent. Such opinions can be sifted on cross-examination.

5. ———: ———: ———: ———. Juries are allowed to act upon
probable and inferential as well as direct and positive proof; and in
an action for damages for a breach of contract between a cropper
and landowner, it is competent to show the quality of the crop that
was in fact raised on the land during the time covered by the
contract.

6. ———: ———: **DAMAGES: POSSESSION.** In an action to recover
damages for the breach of a contract between a cropper and a land-
owner, it is immaterial whether or not the cropper entered and was
ejected by the land owner.

Shoemaker v. Crawford.

Appeal from the Cooper Circuit Court.—*Hon. D. W. Shackleford*, Judge.

REVERSED AND REMANDED.

*C. W. Journey* and *W. G. & G. T. Pendleton* for appellant.

(1) The rule of damages which allows the difference between the actual rental value of leased premises and the rent reserved, applies exclusively to actions for the breach of lease contracts. This is self-evident. 3 Sedgwick on Damages [8 Ed.], sec. 1022, p. 211; 1 Sedgwick on Damages [8 Ed.], sec. 185, p. 269. (2) Such rule is therefore inapplicable to this case. The contract sued on, being for the letting of land upon shares, was not a lease. 1 Washburn on Real Property [4 Ed.], sec. 365, p. 572; Moser v. Lower, 48 Mo. App. 85; Bishop v. Doty, 1 Vt. 38; Taylor v. Bradley, 39 N. Y. 129; 100 Am. Dec. 415; Adams v. McKesson, 53 Pa. St. 81; 91 Am. Dec. 183; Bernal v. Hovious, 17 Cal. 541; 79 Am. Dec. 147. The plaintiff, who was the cultivator in this case, had no interest in the soil or freehold. Moser v. Lower, 48 Mo. App. 85. And this is essential in order to constitute a lease. 1 Washburn on Real Property [4 Ed.], sec. 365, p. 572. (3) The measure of damages for the breach of a contract for the cultivating of land on shares, is the profit which the injured party would have made if the contract had been fulfilled. 2 Sedgwick on Damages [8 Ed.], sec. 624, p. 275; Hoy v. Gronoble, 34 Pa. St. 9; 75 Am. Dec. 628; McClure v. Thorpe, 68 Mich. 33; Taylor v. Bradley, 39 N. Y. 129; s. c., 100 Am. Dec. 415; Wolf v. Studebaker, 65 Pa. St. 461; Lawson on Contracts, sec. 459, p. 503. (4) The loss of such profits was also the natural and proximate result of the breach of the contract. Hughes v. Robinson, 60 Mo. App. 194; Lawson on Contracts, sec. 459, p. 503. (5) The trial court improp-

Shoemaker' v. Crawford.

erly excluded the evidence offered by the plaintiff' to show the quantity of corn raised in the season of 1898 on the field which plaintiff was to cultivate in said season in the same kind of crop under the contract sued on; and the character and quality of the soil of said field; the quantity of corn said field was capable of producing in said season, and the equipment and ability of the plaintiff to cultivate the field the same as it was cultivated in said season; because such evidence was of facts and circumstances of the case having a tendency to show the plaintiff's probable damage. 1 Sedgwick on Damages [8 Ed.], sec. 170, p. 245; Stewart v. Patton, 65 Mo. App. 21; Goldman v. Wolff, 6 Mo. App. 490. The opinions of witnesses are competent evidence to prove the value of contracts like the one sued. on in this case, by way of showing the damages caused by their breach. Taylor v. Bradley, 39 N. Y. 129; 100 Am. Dec. 415; Day v. Railroad; 22 Hun. 417; Reed v. McConnell, 17 N. Y. Week. Dig. 575.

*Rutherford & Chambers* and *W. M. Williams* for respondent.

(1) The refusal to carry out a mere verbal promise, without consideration, on the part of the defendant to let plaintiff have the land, would not give any right of action to plaintiff. Wesson v. Horner, 25 Mo. 81. (2) There was no meeting of the minds of the parties upon the terms of the contract. There was a mere talk about renting the land in January. Green v. Cole, 103 Mo. 70. (3) Plaintiff's complaint, even if there had been a valid contract between the parties, is not supported by the evidence. He could only have sued for a breach of the contract to let him have the use of the land, and not, as is done here, for a wrongful entry, with force and arms, upon plaintiff's possession by defendant. Plaintiff can not sue upon one cause of action, and recover upon another. Field v. Railway, 76 Mo. 614; Melvin v.

Railway, 89 Mo. 106. (4) The rulings of the court were correct in regard to the measure of damages. Hughes v. Hood, 50 Mo. 350. 1 Sedgwick on Damages [8 Ed.], p. 268, secs. 184 and 185; Huiest v. Marx, 67 Mo. App. 418.

SMITH, P. J.—It is the well-settled rule of law in this state that where a lessor fails to give possession of the leased premises, the measure of damages is the difference between the actual rental value and the rent reserved. Hughes v. Hood, 50 Mo. 350; Huiest v. Marx, 67 Mo. App. 418.

But this rule is without application in the present case for here the evidence tends to show that the plaintiff and defendant entered into a verbal agreement by which the latter agreed to furnish the former 50 acres of corn land for the cropping season of 1898, to be cultivated on the shares. There was some evidence adduced which tended to show that the plaintiff, in the month of March, entered upon the land, cut the corn stalks standing thereon and while engaged in breaking it up, preparatory to planting, the defendant entered and forcibly drove him therefrom; so that he was thereby prevented from cultivating it. It was not in terms proved that the defendant formally put the plaintiff in possession of the land; yet, there were facts proved which would fairly justify the inference that the latter went to work on the land with the permission of the former. As to whether there was a contract by which the land was let on the shares, or whether there was a non-compliance therewith by the defendant were issues of fact which should have been left to the jury.

The vital question arising on the record is that respecting the measure of damages. Under the agreement, the plaintiff was not the tenant of the defendant. He was a mere cropper for the season, without any interest in the land, or possession thereof, beyond the mere naked right to enter the same to perform the labor which was required under the agreement. Moser v. Lower, 48 Mo. App. 85; Warner v. Hoisington, 42

Vt. 94. If the defendant refused to furnish the plaintiff the land for said cropping year, this constituted a breach of the agreement for which the former was liable to the latter for such damages as may be fairly and reasonably considered either arising naturally, according to the usual course of things from such breach of the agreement, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the agreement as the probable result of the breach. Chalice v. Witte, 81 Mo. App. 84; Hadley v. Boxendale, 26 Eng. L. & Eq. 398. In a case of this kind the damages should be measured by what, if anything, the plaintiff could have made by the cultivation of the defendant's land, or, expressed in another way, "the value of the bargain."

In the well-reasoned and somewhat analagous case of Taylor v. Bradley, 39 N. Y. 129, it was said: "To my mind the only rule which can be prescribed, and the only rule which will do justice to the parties is, that the plaintiff is entitled to the value of his contract. He was entitled to its performance; it is broken; he is deprived of his adventure; what was this opportunity which the contract had apparently secured to him worth? To reap the benefit of it, he must incur expense, submit to labor, and appropriation of his stock. His damages are what he lost by being deprived of his chance of profit." And to this effect are other respectable authorities. Hoy v. Gronoble, 34 Pa. St. 9; Wolf v. Studebaker, 65 Pa. St. 461; McClure v. Thorpe, 68 Mich. 33; 2 Sedgwick on Dam., sec. 624.

The damages were fixed by the law of the agreement the moment it was broken. Wolf v. Studebaker, *ante.* The damages for the breach of the agreement must be ascertained by proving the true value of the right to cultivate the defendant's land during the said cropping season on the shares, as agreed. It is competent to prove such value by resorting to the judgment of men whose knowledge of the land and

whose experience in farming and the like enables them to form a judgment on the subject. The opinion so expressed will be open to scrutiny. The cross-examination may draw out all the grounds of the opinion, and may go over all the conditions and uncertainties attending the cultivation of the land, even to the estimate in detail of all possible results of working the land and its expenses and contingencies. Such opinion must be formed in view of all the various uncertainties attending the operation of working the land; but it is a result based upon years of experience and observation with knowledge of the land itself, upon which the plaintiff must rely to prove the value of his contract. How much was the plaintiff's right to enter upon and cultivate the land, on the terms specified in the agreement, worth?' Any answer to that question necessarily brings into the mind of any one proposing to buy the privilege, all that it cost him—labor, money or other sacrifice—to enter upon the performance, and perform the agreement on his part; and also all the uncertainty as to the result in producing value to him in return. Such privilege may be worth nothing. It may be worth more than the labor and expense attending it. This is the reasoning in Taylor v. Bradley, *ante*, which we adopt as applicable in this case.

At the trial, the plaintiff called several witnesses, who were farmers and well acquainted with the land in question, and asked them what amount of corn ought it to have produced, with average cultivation, in the year 1898. The court refused to allow the question to be answered, on the ground that it was incompetent for the reason that the measure of damages in the case was the difference between the rent specified in the agreement and the actual rental value of the land. This, in the light of the authorities already referred to, was an erroneous view of the law.

The court rejected the plaintiff's offer to prove the quantity of corn that was produced on the land in the year covered by his agreement. This, we think, was error. Juries

are allowed to act upon probable and inferential, as well as direct and positive proof. And when from the nature of the case, as here, the amount of the damages can not be estimated with certainty, we can see no objection to placing before the jury all the facts and circumstances having a tendency to show damages, or the probable amount thereof, so as to enable it to make the most intelligible and probable estimate which the nature of the case will admit. If the rule were otherwise, though a party were to show he had sustained large damages his recovery would be limited to nominal damages only. The law will not sanction a rule that leads to such unjust results. 1 Sedgwick on Dam., sec. 170; Stewart v. Patton, 65 Mo. App. 21; Brandt v. Schuchmann, 60 Mo. App. 70; Goldman v. Wolff, 6 Mo. App. 490. What the land produced in the year 1898, and all the facts and circumstances relating to the same, were facts along with the other pertinent facts proved, which should have been put before the jury to enable it to draw the proper inference as to the probable value of the plaintiff's right to cultivate the land., There was, as we think, ample evidence adduced to entitle the plaintiff to a submission of the case to the jury under proper guiding instructions. This was denied him.

Whether the breach of the agreement consisted in the failure of the defendant to allow plaintiff in the first instance to enter upon the land for the purpose of preparing it for cultivation, or whether after the plaintiff had entered upon the same and cut the corn stalks standing thereon and begun to plow, defendant forcibly drove him from it and refused to allow him to cultivate it, is of no consequence since the measure of damages would be substantially the same in either case.

It seems to us that the statement of the case filed before the justice is sufficient.

It results that the judgment, which was for defendant, will be reversed and the cause remanded. All concur.