## HENRY JENKINS, Respondent, v. GEORGE W. WOMACH, Appellant.

### Kansas City Court of Appeals, May 9, 1910.

1. **LANDLORD AND TENANT: Agricultural Property: Tenancy at Will: Duration of Tenancy.** Where an oral lease was made of agricultural land for a term from November 1, 1904, to March 1, 1906, under which possession is taken by the tenant, the landlord had no right to evict the tenant before November 1, 1905.

2. ————: **Interfering With Tenant's Possession: Damages: Instructions.** It is erroneous to tell a jury that the measure of damages in an action by a tenant for the wrongful interference with his possession of the leased premises is the value of the premises to the *plaintiff* over and above the amount of rent to be paid defendant. It was also erroneous to allow plaintiff to recover "the fair value of the crops which might have been raised by the plaintiff." The true rule of damages on that issue would be the difference in the rent as provided in the lease, and the rental value of the premises. It was, also, erroneous, after an enumeration of items of damage, to permit the jury to allow plaintiff damages "for any other loss" directly resulting from the breach of said contract by defendant.

Appeal from Buchanan Circuit Court.—*Hon. Geo. L. Zwick,* Judge.

REVERSED AND REMANDED.

*C. C. Crow* for appellant.

(1) The damages claimed were speculative. Fisher v. Goebel, 40 Mo. 475; Wilson v. Weil, 67 Mo. 399; Rannells v. Hewitt, 10 Mo. App. 593; Sanders v. Brossius, 51 Mo. 50; Lewis v. Insurance Co., 61 Mo. 534; Turner v. Gibbs, 50 Mo. 556; Taylor v. McGuire, 13 Mo. 517; Burdall v. Johnson, 122 Mo. App. 119; Knight Bros. v. Railway, 122 Mo. App. 42; Connoble v. Clark, 38 Mo. App. 477; Hughes v. Hood, 50 Mo. 350. (2) The loss to plaintiff is not the correct measure of damages. Huiest v. Marx, 67 Mo. App. 422.

*Eastin & Corby* for respondent.

(1) The contract shown in evidence, although verbal and for a longer period than a year, when followed by the delivery of possession created a tenancy for one year. It was therefore valid and binding on the parties and upon its breach appellant was answerable to respondent for the full measure of the damages sustained. R. S. 1899, sec. 3414; Kerr v. Clark, 19 Mo. 132; Ridgely v. Stilwell, 28 Mo. 400; Scully v. Murray, 34 Mo. 420; Cunningham v. Roush, 157 Mo. 336; Hoser v. Yokel, 58 Mo. App. 169; Kroeger v. Bohrer, 116 Mo. App. 208; Womach v. Jenkins, 128 Mo. App. 408. (2) The tenancy in this case began in November, 1904, when respondent entered into the contract for the premises, and took possession thereunder. Taylor on Landlord and Tenant, sec. 58; Womach v. Jenkins, 128 Mo. App. 408. (3) The damages were not speculative, but were such as could reasonably be determined from the evidence. Park v. Kitchen, 1 Mo. App. 357; Manter v. Truesdale, 57 Mo. App. 435; Brandt v. Schuchman, 60 Mo. App. 70; Stewart v. Patton, 65 Mo. App. 21; Chalice v. Witt, 81 Mo. App. 84; Shoemaker v. Crawford, 82 Mo. App. 487; Gildersleeve v. Overstolz, 90 Mo. App. 518; Shirt Co. v. Frankenthal, 96 Mo. App. 307;

Fitzgerald v. Hayward, 50 Mo. 516; Hammond v. Beeson, 112 Mo. 190; Bendell v. Johnson, 122 Mo. 123; Taylor v. Bradley, 39 N. Y. 129; Wakeman v. Mfg. Co., 101 N. Y. 205; Wolf v. Studebaker, 65 Pa. St. 461; Chapman v. Kirby, 49 Ill. 211.

BROADDUS, P. J.—The plaintiff's suit is founded upon a contract for the lease of a farm and other matters incidentally connected therewith.

On about the 1st day of November, 1904, the parties to this suit entered into a verbal contract or lease, by which appellant leased to respondent a farm of about sixty-five acres in Bloomington township, Buchanan county, Missouri, for a term ending March 1, 1906. By the terms of this lease it was provided that possession should be at once given, and that same should continue throughout said term, during which time respondent was to occupy the farm and tend it on the shares, have the use of pasturage for his stock and should give to appellant one-half of the crops raised, delivered in crib or barn or otherwise. It was further provided that appellant should furnish a team and necessary farm implements to respondent to enable him to farm said land. Immediately after the making of this lease and along about the 1st of November, 1904, respondent moved upon the farm, cut wood for summer use, cleaned up brush, and did other work about the premises. At the time the lease was entered into and up to about March 1, 1905, appellant was running a butcher shop in the town of DeKalb, near the farm. Along about March 1, 1905, he sold the shop and the evidence shows that at about that time he demanded possession of respondent, giving as a reason that he had sold his shop and wanted the farm back; as he would otherwise have nothing to do during the summer. Upon respondent's refusal to give up the premises appellant brought a landlord's complaint against him before a justice of the peace court

of the township for possession. of the premises.   The case was carried through the justice and circuit courts, thence to the court of appeals, in all of which it was decided in respondent's favor.   The cause is reported in volume 128 Mo. Appeals 408.   Appellant also refused to furnish teams and implements for tending the farm and refused to permit respondent to farm said land. Respondent was thus deprived of the benefits of his contract, and he brought the present suit for damages for the breach thereof.   In the former suit this court decided that the verbal contract referred to, followed by possession, constituted a lease for one year from the time possession was taken.   At the trial of this cause respondent proved the contract proceeded under in this case to be the same as that mentioned in the 128 Appeals, leaving for determination as the only substantial issue in this cause the question as to whether or not there was a breach of the contract, and if so, the amount of damages resulting.

At the trial the court excluded evidence as to the breach of that part of the contract, alleging respondent's failure to furnish a milk cow during the year and as to the expenditures of money for the preparation of briefs in the former case.   Evidence was also introduced substantiating all the allegations of the petition and covering the value of the land under the contract for the period named.   The jury found the sum of four hundred and fifty dollars in respondent's favor. The defendant appealed from the judgment. Other evidence and pleading will be referred to in the course of the opinion.

The court properly instructed the jury that the verbal agreement was a binding contract between the parties, followed by possession of the premises by plaintiff, for a period of one year ending the first day of November, 1905, and that if defendant without the fault of plaintiff refused to perform it according to its terms or to permit plaintiff to perform it on his part their verdict would be for plaintiff.

On plaintiff's measure of damages the court in instruction numbered two, instructed the jury as follows:

"The court instructs the jury that if you find the issues for plaintiff as defined in instruction No. 1 of these instructions you will assess his damages at such sum, if any, as you may believe from the evidence plaintiff lost by virtue of defendant's breach of said contract, not exceeding, however, the sum of $601.75, and in determining said loss, if any, you may take into consideration the value of the premises to plaintiff over and above the amount of the rent to be paid defendant, including the fair value of the crops which might have been raised by plaintiff, if any, upon said premises and the value of the pasturage, garden and other portions of said premises, if any, together with any other loss claimed by plaintiff, which you may find plaintiff sustained as a direct result of the breach of said contract by defendant."

Several objections are made to the correctness of said instruction which are worthy of consideration. It was error for the court to tell the jury that they might take into consideration in estimating plaintiff's damages "the value of the premises *to plaintiff* over and above the amount of rent to be paid defendant." The measure of plaintiff's damages was not what the premises would be worth to him, but what would be their market value over and above the amount of rent to be paid defendant. [Huiest v. Marx, 67 Mo. App. 418; Hughes v. Hood, 50 Mo. 350.] But plaintiff insists that the evidence showed that there was no market value of the premises. In such cases the measure of damages would be the reasonable value of the premises. And "the fair value of the crops which might have been raised by plaintiff" was not a proper element of damages. The value of a crop to be produced in the future is too conjectural for judicial ascertainment. [Knight Bros., v. Railroad, 122 Mo. App. 38; Shoemaker v. Crawford, 82 Mo. App. 487.] It was held in the latter case where

the court made the distinction between a lessee and a mere cropper, that the measure of damages for a violation of the contract by the owner of the land, should be ascertained by proving the value of the right to cultivate the land, and the opinion of experienced farmers is competent. We quote from a rule announced by the Supreme Court in case of a lease: "In such suit the true rule of damages would be the difference in the rent as provided in the lease and the rental value of the premises." [Hughes v. Hood, supra.]

We have examined the numerous authorities cited upon the question by the respondent and find they do not apply.

It was error for the court to tell the jury that they might take into consideration in estimating plaintiff's damages, "any other loss" which they might find "plaintiff sustained as a direct result of the breach of said contract by defendant." This is what the courts denominate a roving commission to the jury, to do as they think proper.

What has been said covers the whole case, for which reason it is not necessary to refer to the action of the court in refusing certain instructions offered by defendant. The petition alleges a breach of the contract and thus far states a cause of action. But it should be amended so as to conform to the law as herein announced. As a matter of course the evidence would have to be directed to meet the changes to be made. Reversed and remanded. All concur.