FLORENCE A. ORDELHEIDE, Respondent, v. EDWARD TRAUBE et al., Appellants.

St. Louis Court of Appeals, May 5, 1914.

1. **STATUTE OF FRAUDS: Agreement to Assign Lease: Effect of Performance by Obligee.** A contract to assign a lease and procure the lessor's assent thereto, as part of a contract for the sale of a business conducted on the demised premises, was within the Statute of Frauds (Sec. 2783, R. S. 1909); but, although the contract was not sufficient, under said statute, the obligee was entitled to recover the damages sustained by reason of the obligor's failure to procure the lessor's assent to the assignment, where he had fully performed all of the requirements of the contract on his part, since complete performance of

a contract by one contracting party forecloses the other party from interposing the Statute of Frauds as a defense.

2. **CONTRACTS: Action for Breach: Evidence.** In an action to recover damages occasioned by defendant's breach of a contract to assign a lease to plaintiff and procure the lessor's assent thereto, as part of a contract for the sale of a business conducted on the demised premises, evidence offered by plaintiff that, at the time of the execution of the contract, defendant agreed not to embark in a like business in the same neighborhood, but, within three months thereafter, opened a rival establishment within a few blocks of his former location, was irrelevant to the issue, and its admission was prejudicial error.

3. ————: **Written Instruments: Parol Evidence.** Where a contract for the sale of a business and the assignment of a lease of the property on which the business was conducted contained no stipulation binding the vendor not to engage in like business in the same neighborhood, evidence of a parol agreement to that effect was inadmissible, as varying the terms of a written contract.

4. **DAMAGES: Breach of Contract: Measure of Damages.** In an action for the breach of a contract to assign a lease and procure the lessor's assent thereto, the measure of damages is the difference between the rent reserved and the rental value of the premises for the term, to be determined by reference to the reasonable fair rental value of similar property.

5. ————: ————: ————: **Instructions.** In an action for the breach of a contract to assign a lease and procure the lessor's assent thereto, it was shown that the lessor refused to assent to the assignment of the lease, which reserved rent in the sum of $85 per month, and the court instructed that if the verdict was in favor of plaintiff, the jury should assess damages in such sum as plaintiff had been compelled to pay for the use of the premises in excess of the amount of the rent reserved in the lease, and such additional amount as he would be compelled to pay in the future for the use of the premises in excess of such reserved rent, but in no event should he be awarded damages in excess of the difference between the rent reserved in the lease and the reasonable rental value of the premises for the unexpired term. *Held*, that the instruction is inaccurate and misleading, in that it puts forward and emphasizes the matter of additional rent which plaintiff was compelled to pay, when the correct measure of damage is the difference between rent reserved and the rental value for the term.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

REVERSED AND REMANDED.

*Henry G. Trieseler* for appellants; *Louis E. Trieseler* of counsel.

(1) The amended petition does not state facts sufficient to constitute a cause of action. An agreement to assign or sell an interest in a lease having an unexpired term of more than one year must be in writing. Nally v. Reading, 107 Mo. 350; Johnson v. Reading, 36 Mo. App. 306; Roth Tool Co. v. Champ Spring Co., 93 Mo. App. 530; Sharp v. Rhiel, 55 Mo. 97; Donovan v. Schoenhofen, 92 Mo. App. 341; Ver Steeg v. Longo Fruit Co., 158 Mo. App. 126; Sec. 2782, R. S. 1909. The written agreement must be complete in itself. Parol testimony cannot be received to explain or vary it, nor can any additions be made thereto by parol evidence. Warren v. Mayer Co., 161 Mo. 112; Boyd v. Paul, 125 Mo. 9; Koons v. St. Louis Car Co., 203 Mo. 255; Johnson v. Fecht, 185 Mo. 345; Reigart v. M'ft'rs Coal & Coke Co., 217 Mo. 142; Ringer v. Holtzclaw, 112 Mo. 523. Where the contract is denied in the answers of defendants, it is not necessary to plead the statute affirmatively. Miller v. Harper, 63 Mo. App. 293; Moormeister v. Hannibal, 163 S. W. 926. It is elementary law that the objection to the amended petition on the ground that it does not state facts sufficient to constitute a cause of action is never waived and may be raised at any time before final judgment in the cause, and the statute may be invoked as well, when the defect appears on the face of the petition. In such case there is no necessity of pleading the Statute of Frauds. (2) The demurrer to the evidence of both defendants should have been sustained. Nally v. Reading, 107 Mo. 350; Johnson v. Reading, 36 Mo. App.

306; Roth Tool Co. v. Champ Spring Co., 93 Mo. App. 530; Sharp v. Rhiel, 55 Mo. 97. And part performance of the contract is not sufficient to take it out of the statute. Nally v. Reading, 107 Mo. 350; Johnson v. Reading, 36 Mo. App. 306; Sharp v. Rhiel, 55 Mo. 97. (3) The words "including lease on property, 1609-1611 Lafayette avenue," are too uncertain and indefinite to constitute an agreement or the basis of an agreement to assign a lease and secure the consent of the lessor thereto. Cunningham v. Roush, 157 Mo. 336; Railroad v. Railroad, 135 Mo. 194; Conn v. Long Bell Lbr. Co., 66 Mo. App. 483. (4) Adolph Lambrecht was not a competent witness to testify to the reasonable rental value of the premises. Thomas v. Mullinckrodt, 43 Mo. 65; Matthews v. Railroad, 142 Mo. 645. (5) All evidence as to the sale of the good will of the business or any injury thereto was incompetent and immaterial to any issue presented by the pleadings in the cause. Its admission constituted prejudicial error. (6) All evidence to the effect that Albert Traube had entered into business in competition with plaintiff was incompetent and immaterial under the issues presented by the pleadings and the agreement itself. Its admission constituted reversible error. (7) The examination by the court of defendant, Albert Traube, was improper and illegal. It invaded the province and functions of the jury. It created prejudice in the minds of the jury against both defendants. It was highly prejudicial of the rights of defendants. Landers v. Railroad, 134 Mo. App. 80; McGinnis v. Railroad, 21 Mo. App. 413; State v. Turner, 125 Mo. App. 21; Dreyfus v. Railroad, 124 Mo. App. 585; Schmidt v. Railroad, 149 Mo. 269; McPeak v. Railroad, 128 Mo. 617; State v. Nelson, 181 Mo. 340; State v. Eatherly, 185 Mo. 178; Edens v. Railroad, 72 Mo. 212; State v. Potter, 125 Mo. App. 465; State v. Wright, 161 Mo. App. 604; State v. Doerris, 168 Mo. App. 324. (8) The court erred in instruction 1 in

that it failed to instruct the jury as to what facts would constitute a partnership between the defendant if found from the evidence. Wright v. Fonda, 44 Mo. App. 634. Instruction 1 is argumentative in form, comments upon the evidence and makes too conspicuous a feature of certain evidence in the case, and has embodied within it mixed questions of law and fact. Kendall Co. v. Bain, 46 Mo. App. 581; Pace v. Roberts, Johnson & Rand Co., 103 Mo. App. 662; Hoffmann v. Hoffmann's Ex., 126 Mo. 486; Jones v. Jones, 57 Mo. 143; Tibbe v. Kamp, 154 Mo. 546; Railroad v. Rope Co., 156 Mo. App. 640. (9) The court erred in instruction 2 in that it is open to the same objections as number 1, excepting the question of partnership. (10) Instruction 3 is erroneous in that it fails to state the correct measure of damages and is not based upon the evidence in the case. In an action for breach of contract, the measure of damages is a question of law for the court to declare in its instructions to the jury. Rhodes v. Holloday-Klotz Lbr. Co., 105 Mo. App. 279; Sessinghaus v. Knocke, 127 Mo. App. 300; Sanders v. Holstein Com. Co., 118 Mo. App. 29; Churchill v. Lammers, 60 Mo. App. 244; Huling v. Roll, 43 Mo. App. 234; Talbot v. Whipple, 14 Allen, 177. (11) The verdict and judgment is excessive.

*Taylor R. Young* for respondent.

(1) We concede that an agreement to assign the lease in question is within the Statute of Frauds, but this is of no consequence here for these reasons: First, the suit is not bottomed on the failure to assign, for Mr. and Mrs. Traube did make the assignment; but the complaint is that they failed to secure the written consent of the lessor thereto. Second, the Statute of Frauds is a defense only when it is pleaded, and it is not pleaded in this case. Springer v. Kleinsorge, 83 Mo. 185. Third, but if the statute could have been

raised at the trial under the general denials it was not done, but was waived, as no objection was at any time made to the introduction of evidence nor to the memorandum contract itself, on the ground that the statute was a bar. This is a waiver of that defense, and it cannot be made in this court for the first time. Van Idour v. Nelson, 60 Mo. App. 523; Scharff v. Klein, 29 Mo. App. 528. Fourth, even if the statute can be invoked here for the first time, it does not lie in appellants' mouth to mention it. Respondent performed all of the terms of his agreement and appellants have accepted his money. McConnell v. Brayner, 63 Mo. 461; Bless v. Jenkins, 129 Mo. 647; Hoyle v. Bush, 14 Mo. App. 408. (2) And, again, the memorandum signed by Albert Traube is sufficient, as that was the way both appellants chose to sign, and plaintiff so understood it. J. K. Armsby Co. v. Eckerly, 42 Mo. App. 299. (3) Adolph Lambrecht, who owned the property, was a competent witness. He testified that he was, and for ten years had been, familiar with the rental value of property in the vicinity of the property the rental value of which was in issue; had rented it for over ten years and had kept himself informed of the reasonable rental value of property in the neighborhood. Thomas v. Mallinckrodt, 43 Mo. 58. (4) The admission of evidence concerning the sale of the good will of appellants' business was elicited in the course of the cross-examination of both appellants, whose demeanor on the stand as well as by their testimony, showed that they were not frank, to say the least and was elicited to refresh their memories of the entire conversation between them and respondent. Besides this was an element of damages under the pleadings, and because plaintiff chose to waive it in his instruction on the measure of his recovery is not ground for complaint on the part of appellants. And, conceding it to have been error, which it was not, it is no ground for complaint, as it is perfectly harmless. Such er-

rors are disregarded on appeal. Williams v. Mitchell,· 112 Mo. 300; State ex rel. v. Jones, 131 Mo. 194; Cheek v. Waldron, 39 Mo. App. 21; Goodrick v. Harrison, 130 Mo. 263. (5) Complaint is made that the trial court prejudiced the jury by asking pointed questions for the sole purpose of eliciting the truth from an evasive witness relating to material facts. The conduct of the trial court was entirely proper and it was its duty in view of the testimony and demeanor of the witness. Thompson v. Ish, 99 Mo. 178; Stephens v. Fire Assn., 139 Mo. App. 380; Fullerton v. Fordyce, 144 Mo. 527. Counsel for plaintiff would have had the right to ask the question complained of, and the court certainly has a similar right. State v. Crotts, 22 Wash. 245. (6) But if the question was improper, it was harmless, as the verdict is for the right party. Thompson v. Ish, 99 Mo. 178; Fullerton v. Fordyce, 144 Mo. 527; Stephens v. Fire Assn., 139 Mo. App. 380. (7) The instructions given fairly submitted the issues to the jury and are not erroneous. Fugate v. Millar, 109 Mo. 281; Henry v. Grand Ave. Ry., 113 Mo. 525; La Force v. Williams, 43 Mo. App. 518.

NORTONI, J.—This is a suit for damages accrued through the breach of a contract. Plaintiff recovered and defendants prosecute the appeal.

Defendants are sued as copartners, but the fact of partnership is denied in the answer, duly verified, and an issue concerning it made.

It appears defendant Edward Traube purchased an undertaking business and livery stable combined, in 1904, which was then known as and conducted under the name of Lafayette Park Livery & Undertaking Company and located at 1609-1611 Lafayette avenue, St. Louis. Immediately upon purchasing this business, it is said by defendants that Edward Traube gave it to his son and codefendant, Albert Traube, who

thereafter conducted the business under the name theretofore employed—that is, Lafayette Park Livery & Undertaking Company. Though the name appears to suggest a corporation, it is said no such corporation existed, and it appears the business was either owned by defendant Albert Traube personally, or by himself and his father, Edward Traube, as copartners. Plaintiff says that he purchased the livery and undertaking business, together with all of the equipment, from both defendants, on August 13, 1910, for which he paid them $3600. On the other hand, defendants say that the business was owned exclusively by Albert Traube, from whom plaintiff purchased it and to whom the purchase price of $3600 was paid. It is conceded that defendant Edward Traube was present at the time and wrote a memorandum of the sale, which was given to plaintiff, but this memorandum appears to be signed by defendant Albert Traube only. The instrument referred to is of date August 13, 1910, and recites the fact that plaintiff purchased the complete rolling stock, horses, carriages, undertaking equipment, ambulances, belongings, etc., of the Lafayette Park Livery & Undertaking Company, located as above mentioned, at the price of $3600, including and covering, too, a lease on the property, "1609-1611 Lafayette avenue." This instrument, as before said, is signed by defendant Albert Traube alone, though it was written by his father, Edward Traube. Plaintiff came into possession of the business and articles purchased immediately, but the lease on the property occupied by the business—that is, 1609-1611 Lafayette avenue—was never effectively assigned to him. The controversy in the case relates to this matter, for the breach of contract relied upon is to the effect that defendants failed to consummate the assignment of the lease of the premises to plaintiff, in that the lessor refused to consent to such assignment. It appears the lease on the premises was in the name of defendant Edward Traube, and his son, Albert

Traube, was not mentioned therein. The lease referred to is of date February 27, 1904, and stipulates a term of ten years, ending on the twenty-seventh day of February, 1914, at an annual rental of $1020 a year, payable in monthly installments in advance—that is, $85 per month. Adolph Lambrecht owned the lots and buildings and as lessor executed the lease to Edward Traube for the rent reserved, as above indicated, for a term ending February 27, 1914.

According to the evidence on the part of plaintiff, he purchased this lease from defendants in connection with the purchase of the livery and undertaking business, and they agreed to both assign it to him and obtain the consent of the lessor to such assignment, for by the express terms of the lease an assignment was forbidden unless consented to by the lessor. The consent of the lessor was never obtained to the assignment, but on the contrary he refused to accede to it, and refused, too, to permit plaintiff to occupy the premises at the rental therein provided. Plaintiff took possession of the building at the time of the purchase and continued therein thereafter, but was required to pay $100 per month as rental, instead of $85, stipulated in the lease, and there is evidence tending to show such to be the reasonable value of the rent, while there is evidence on the part of defendants tending to prove the reasonable value was from $80 to $85 per month.

The breach of contract declared upon in the petition relates to the failure of defendants to assign the lease to plaintiff and obtain the consent of the lessor thereto, and it is averred that plaintiff has suffered damage to the extent of $15 per month because of it, in that he was compelled to pay rent at $100 per month, instead of $85, according to the lease. The defense seems to proceed on two lines, first, defendant Edward Traube insists that he made no contract whatever with plaintiff, in that his son, Albert, alone owned and con-

ducted the business and entered into the contract with plaintiff concerning the sale. Defendant Albert Traube insists that, while he owned the business and sold it to plaintiff, he did not include in the sale the unexpired term of the lease nor contract with reference to that subject-matter. Touching this matter, Albert Traube insists that, as the lease stood in his father's name, he, of course, was not a party to it, and could not assign it, if he would. Moreover, he says he did not agree to assign it, and that, though the written memorandum of the sale bearing his signature recites that it included the lease on the premises, this recital was written on the memorandum by his father, Edward Traube, without his knowledge and consent, after he had affixed his signature thereto.

The instructions given, in the main, seem to have fairly presented the issues to the jury, which returned a verdict against both defendants as though they were partners in the business and jointly sold it, including the lease, to plaintiff. There can be no doubt that the evidence amply sustains this view, though there is an abundance of evidence, too, sustaining the theory of defendants that Albert Traube alone owned and conducted the business in the buildings, which had theretofore been leased by his father, Edward Traube, and that the latter was not a party to the contract of sale; that Albert Traube did not agree the lease should be assigned, and that his father, Edward Traube, merely added the words concerning it to the bill of sale without his knowledge, after it was signed, and without any consideration moving to him, Edward.

It is argued, first, the court should have directed a verdict for both defendants because the written memorandum of the sale is insufficient, under the Statute of Frauds, to entitle plaintiff to recover as for a breach of the contract to assign the lease and obtain the consent of the lessor thereto. It is true the writing is meager with respect of this matter, but it is unneces-

sary to inquire touching its sufficiency, in view of the fact that plaintiff has fully performed on his part. The transaction in suit took place on August 13, 1910. The subject-matter involved the assignment of the unexpired term of a lease ending February 27, 1914. This being true—that is, the unexpired term being for a period of more than one year—no one can doubt the influence of the Statute of Frauds. But, be that as it may, it appears plaintiff fully performed the conditions of the contract on his part by paying over to defendant Albert Traube the stipulated price of $3600 and entering into possession of the business, likewise the realty, described in the lease. In such circumstance, though the contract be not in writing, the Statute of Frauds is of no avail, for complete performance by one contracting party forecloses his adversary from interposing its provisions as a defense. [See Bless v. Jenkins, 129 Mo. 647, 31 S. W. 938; Hoyle v. Bush, 14 Mo. App. 408; Self v. Cordell, 45 Mo. 345; McConnell v. Brayner, 63 Mo. 461; Cape Girardeau, etc. R. Co. v. Wingerter, 124 Mo. App. 426, 101 S. W. 1113; Sloan v. Paramore, 181 Mo. App. 611, 164 S. W. 662.]

What has been said on this matter applies as well to the argument touching the sufficiency of the petition, for though the memorandum of writing set out therein is somewhat indefinite, it pleads full performance of the contract on the part of plaintiff as well.

The court permitted plaintiff to introduce evidence, over the objection and exception of defendants, to the effect that they agreed at the time of the sale of the property to plaintiff, and for the same consideration, not to embark in like business in the same neighborhood, and that they violated this agreement by opening up an establishment within a few blocks of their former location about three months thereafter. Obviously this was error of a prejudicial character, for its tendency is to lead one to believe that defendants are reckless with respect to the matter of abiding

agreements made by them. There was no issue whatever in the case touching this matter. The suit proceeds alone for damages occasioned through the breach of the contract to assign the lease and procure the assent of the lessor to such assignment. It is entirely clear that the evidence above referred to was not only irrelevant but highly prejudicial. Moreover, this evidence was incompetent because it tended to vary by parol the written contract of sale, in which no such stipulation appears, by showing an additional term of the agreement contemporaneously entered into.

The evidence is, that, because of defendants' failure to procure an assignment of the lease to plaintiff, he was required to pay $100 per month rent for the premises which otherwise he should have enjoyed for the unexpired term of the lease at $85 per month. There is an abundance of evidence, too, on the part of plaintiff that $100 per month was the reasonable rental value of the premises referred to. On the other hand, the evidence for defendant tended to prove the reasonable rental value of the premises from $80 to $85 per month only.

At the instance of plaintiff, the court instructed on the measure of damages as follows:

"If you find a verdict in favor of the plaintiff you will assess his damages in such a sum as you may believe from the evidence plaintiff has been compelled to pay, if any, for the use of said premises, to-wit: 1609-1611 Lafayette avenue, in the city of St. Louis, Missouri, in excess of eighty-five dollars per month, to date, and such additional amount as he would be compelled to pay in the future for the use of said premises, in excess of eighty-five dollars per month, if any, should plaintiff remain in possession thereof until February 27, 1914, but in no event should your verdict be in excess of the difference, if any, between the rental mentioned in the lease and the reasonable

rental value of said premises between the dates of October 1, 1910, and February 27, 1914."

The rule of damages in such cases proceeds according to the principle of compensation for the loss of the bargain. Therefore, the true rule by which the damages are to be measured, it is said, is the difference between the rent, as provided for in the lease, and the rental value of the premises for the term. Such rental value is to be determined by reference to the reasonable and fair value of the rents of the property situated as it is. [See Hughes v. Hood, 50 Mo. 350; Huiest v. Marx, 67 Mo. App. 418; Jenkins v. Womach, 143 Mo. App. 410, 128 S. W. 530; 3 Sedgwick on Damages (9 Ed.), Sec. 984.] The rule is not designed to compensate the value of the term to plaintiff nor the additional rent he may have been compelled to pay, but rather endeavors to make good the loss of his bargain by allowing a recovery for the difference between the rent reserved in the lease and the reasonable value of the unexpired term. [See Huiest v. Marx, 67 Mo. App. 418; see also Jenkins v. Womach, 143 Mo. App. 410, 128 S. W. 530.] Though the latter clause of the instruction on the measure of damages above copied purports to limit a recovery to the difference, if any, between the rental mentioned in the lease and the reasonable value of the rent of the premises, the body of the instruction proceeds as though plaintiff should be compensated for the amount of rent he was compelled to pay over and above $85 per month —that is, the rent reserved in the lease. This portion of the instruction, when considered in connection with the verdict, which is for the precise sum of $15 per month for the full period of the unexpired term, is not only inaccurate but appears to be highly suggestive as well, and in this it is somewhat misleading. The instruction seems to emphasize and put forward the matter of the additional rentals which plaintiff was "compelled to pay," and this feature of it is strik-

ingly prominent, whereas the true rule of damages in such cases is minimized because of it or, at least, indefinitely portrayed therein, when the entire context is considered.   This instruction should be redrafted on a retrial.

For the reasons above stated, the judgment is reversed and the cause remanded.   It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.